MATTER OF HARRY BAILEN BUILDERS, INC.

In Visa Petition Proceedings

A-36942537

*Decided by Commissioner August 27, 1986*

A labor certification issued by the Department of Labor applies only to a specific job opportunity. When the job offer is filled by the arrival of an alien or for any other reason, the job offer ceases to exist. Therefore, an alien who abandons residence after being admitted for permanent residence to take up the certified job offer cannot use the same labor certification again.

ON BEHALF OF PETITIONER: Dennis M. Clare, Esquire
J. Gregory Clare, Esquire
Fifth Floor, Hart Block Building
730 West Main Street
Louisville, Kentucky 40202

This matter is before the Commissioner on certification pursuant to 8 C.F.R. § 103.4 (1986). The decision of the district director, New Orleans, will be affirmed.

The petitioner, Harry Bailen Builders, Inc., is a construction company which seeks to accord the beneficiary sixth-preference classification as a roofer. The beneficiary was previously admitted to the United States as a sixth-preference immigrant on October 15, 1980, on the basis of a like visa petition filed by the petitioner. The beneficiary abandoned his residence in the United States in May 1981 and sought to reimmigrate based on the original labor certification and visa petition. He was advised by a consular officer that he must reapply and follow the same procedure he did in 1979. The petitioner nevertheless seeks approval of a new petition, utilizing the individual labor certification issued on February 13, 1980, and restoration of the beneficiary's original priority date. The petitioner explains that the position offered is identical to the position previously held and that an Immigration and Naturalization Service employee advised the petitioner's officers that it is not necessary to obtain a new labor certification because the original certification remains valid.

The district director cited the applicable statutes and regulations and concluded that the labor certification became a part of the original visa petition filed in April 1980. Since the beneficiary had already used the petition to immigrate to the United States, the district director determined that the visa petition, and thus the labor certification, cannot be restored. *See* 8 C.F.R. § 204.4(f) (1986). The district director found that, absent a new labor certification, he was unable to approve the petition pursuant to 8 C.F.R. § 204.1(d)(1) (1986) and denied it accordingly.

Counsel argues that the labor certification issued in 1980 is, in accordance with 20 C.F.R. §§ 656.30(a) and (d) (1986), valid indefinitely and may only be invalidated where a determination of fraud or willful misrepresentation of a material fact involving the labor certification has been made. Counsel submits on appeal that the visa petition should be approved using the 1980 labor certification but that the new petition should be accorded a priority date as of the date the new petition was filed.

There are three issues to be resolved in this case: (1) whether the labor certification remained valid after it was used by the beneficiary to immigrate to the United States; (2) whether or not the new petition can convey the same priority date as the original petition; and, if not, (3) whether the new petition can convey a priority date as of the date it was filed.

On February 23, 1982, the Associate Commissioner, Examinations, advised the Chief, Division of Labor Certifications, United States Employment Service, Department of Labor, that the Service had recently clarified its regulations regarding the use and validity of a visa petition which has been successfully used to obtain permanent resident status. The Service regulation at 8 C.F.R. § 204.4 (1986) had been amended to add paragraph (f), specifying that the petition ceases to convey a priority date or visa classification after it has been successfully used to obtain residence. The Associate Commissioner questioned whether a labor certification continues to be valid under these circumstances.

On April 6, 1982, the Chief responded, stating that "[t]he labor certification issued by the Department of Labor applies to a particular job, not to an alien. When the job offer is filled by the arrival of an alien or for any other reason, the job offer would no longer exist. It follows, therefore, that the labor certification could not be used again after the lawful admission of an alien for permanent residence to take up the certified job offer."

The Department of Labor's regulations state at 20 C.F.R. § 656.30(c)(2) (1986) that "[a] labor certification involving a specific job offer is valid only for the particular job opportunity and for the

413

area of intended employment stated on the Application for Alien Employment Certification form."

The Employment and Training Administration's *Technical Assistance Guide No. 656—Labor Certifications*, states on page 104 of the 1981 publication that certain limitations are placed on labor certifications granted in Schedule A and non-Schedule A occupations:

A non-Schedule A labor certification is limited to *the specific job opportunity*, the alien for whom the certification was granted, and the area of intended employment stated on the application. If any of these factors change, a new labor certification is generally required. (Emphasis added.)

In this instance, the labor certification issued in 1980 was limited to the job opportunity offered on November 7, 1979 (the date the original Application for Alien Employment Certification was accepted for processing by the Secretary of Labor's designated representative). That specific opportunity ceased to exist when the beneficiary immigrated and became employed by the petitioner. The job opportunity offered in the present proceeding is an altogether different opening, approximately 5 years later than the date the beneficiary was employed in the original job opening. We do not find that the petitioner is exempted from a new labor certification merely because it wishes to employ the same beneficiary in the same occupation at the same geographical location after he has previously been admitted to the United States for lawful permanent residence and abandoned that status.

Thus, the labor certification issued on February 13, 1980, cannot be used again to accommodate the admission of the beneficiary as a preference immigrant under section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(6) (1982). Without a new labor certification issued in accordance with section 212(a)(14) of the Act, 8 U.S.C. § 1182(a)(14) (1982), or evidence that the beneficiary is entitled to labor precertification under 20 C.F.R. § 656.10 (1984) (Schedule A), the visa petition cannot be approved and a new priority date cannot be accorded.

As the district director correctly found, the beneficiary's priority date conveyed by the original petition cannot be restored. This would be contrary to the plain meaning of Title 8, Code of Federal Regulations, Section 204.4(f) (1986) which provides:

*Exception to revalidation.* Any petition approved under section 204(b) of the Act ceases to convey a priority date or visa classification, and cannot be restored after it has been used by a beneficiary to obtain either an adjustment of status to lawful permanent resident or admission as an immigrant to lawful residence based upon a consular immigrant visa.

414

Should the petitioner obtain a new labor certification for the beneficiary, a petition filed thereafter would have a priority date as of the date the new labor certification was accepted for processing.

**ORDER:** The decision of the district director is affirmed.