## In re Fructoso LUVIANO-Rodriguez, Respondent

File A92 569 244 - Los Angeles

*Decided by Attorney General January 18, 2005*

*Decided by Board February 29, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien whose firearms conviction was expunged pursuant to section 1203.4 of the California Penal Code has been "convicted" for immigration purposes. *Matter of Marroquin*, 23 I&N Dec. 705 (A.G. 2005), followed.

FOR RESPONDENT: Enrique Arevalo, Esquire, South Pasadena, California

FOR DEPARTMENT OF HOMELAND SECURITY: Joe D. Whitley, General Counsel

BEFORE THE ATTORNEY GENERAL
(January 18, 2005)

In 1996, the Commissioner of the Immigration and Naturalization Service requested that the decision of the Board of Immigration Appeals in *In re Luviano*, 21 I&N Dec. 235 (BIA 1996), be certified for review pursuant to the provision now codified at 8 C.F.R. § 1003.1(h)(1)(iii) (2004). The request for certification is granted and, for the reasons set forth in the accompanying opinion, the decision of the BIA is reversed and remanded for further proceedings.

OPINION

In *In re Luviano*, 21 I&N Dec. 235 (BIA 1996) ("*Luviano*"), the Board of Immigration Appeals ("BIA") held that a defendant whose conviction for a state firearms offense had been "expunged" pursuant to section 1203.4(a) of the California Penal Code had not been "convicted" within the meaning of section 241(a)(2)(C) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1251(a)(2)(C) (1994).[1] The Commissioner of the Immigration

---

[1] After the initial deportation order was entered in this matter, former section 241 of the Immigration and Nationality Act was redesignated as section 237 by section 305(a)(2) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"),

(continued...)

and Naturalization Service referred the BIA's decision in this matter for my review pursuant to 8 C.F.R. § 3.1(h)(1)(iii) (1996).[2]

For the reasons provided below, which I have set forth at greater length in my decision issued today in *In re Marroquin*, 23 I&N Dec. 705 (A.G. 2005), the BIA's decision is reversed and remanded.

I.

The BIA based its holding in *Luviano* on its interpretation of prior Attorney General opinions, which had held that aliens whose convictions for, respectively, petty theft and forgery, had been expunged pursuant to section 1203.4(a) of the California Penal Code, were not convicted of a crime for purposes of what was then section 241(a)(4) of the INA, the provision that subjected to deportation aliens who had been convicted of what the INA terms crimes of moral turpitude. *See Luviano*, 21 I&N Dec. at 237 (citing *In re Ibarra-Obando*, 12 I&N Dec. 576 (BIA 1966; A.G. 1967); *In re G-*, 9 I&N Dec. 159 (BIA 1960; A.G. 1961)). The Attorney General decisions on which the BIA relied had distinguished the Attorney General's earlier decision in *In re A-F-*, 8 I&N Dec. 429 (BIA, A.G. 1959). There, the Attorney General had held that Congress's progressive strengthening of the deportation laws with respect to aliens who had committed narcotics offenses, which would subject them to deportation under what was then section 241(a)(11) of the INA, revealed that Congress intended that aliens convicted of such narcotics offenses be subject to deportation under section 241(a)(11) even if their convictions had been "expunged" pursuant to section 1203.4(a) of the California Penal Code. *See In re A-F-*.

The BIA concluded in *Luviano* that, taken together, the Attorney General's expungement decisions established the following legal rule. Convictions for narcotics offenses that had been expunged pursuant to section 1203.4(a) of the California Penal Code could serve as the basis for an order of deportation under section 241(a)(11) of the INA, but convictions for other offenses that had been expunged pursuant to that provision of California law could not serve as the basis for an order of deportation. *See Luviano*, 21 I&N Dec. at 238. Accordingly, the BIA held that Luviano-Rodriguez had not been convicted for purposes of section 241(a)(2)(C) of the INA because his conviction for a state firearms offense had been expunged pursuant to section 1203.4(a) of the California Penal Code. *See id.*

---

[1] (...continued)

Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-598. The redesignated provision has been codified with modifications that are not relevant here as section 1227 of title 8, United States Code.

[2] Now 8 C.F.R. § 1003.1(h)(1)(iii) (2004).

During the pendency of my review of this matter, three events occurred that bear on the merits of the BIA's decision. First, Congress enacted section 322 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-628. That provision set forth, for the first time, an express statutory definition of "conviction" for the INA. *See* INA § 101(a)(48), 8 U.S.C. § 1101(a)(48) (2000). Second, the BIA issued its decision in *In re Marroquin*, A90 509 015 (BIA Feb. 21, 1997) ("*Marroquin*"), which addressed whether the new federal statutory definition of "conviction" precluded the rule regarding expunged convictions that the BIA had set forth in *Luviano*. The BIA concluded in *Marroquin* that the new federal statutory definition did not preclude the BIA's decision in *Luviano*, and therefore it held that the alien in that case was not subject to deportation because his state firearms conviction had been expunged pursuant to section 1203.4(a) of the California Penal Code. *See Marroquin*, A90 509 015, slip op. at 1. The BIA referred its decision in *Marroquin* for review by the Attorney General. *Id.* at 6. Third, in a subsequent case the BIA reversed itself and concluded that the new federal definition of "conviction" meant that an alien remains convicted notwithstanding a subsequent state action to expunge the conviction. *See In re Roldan*, 22 I&N Dec. 512, 523 (BIA 1999).

## II.

I have issued today an opinion that addresses the BIA's decisions in *Marroquin* and *In re Roldan*. I held that the new federal statutory definition of "conviction" means that aliens whose firearms convictions have been expunged pursuant to section 1203.4(a) of the California Penal Code generally are subject to deportation under what is now section 237 of the INA.[3] My opinion in *Marroquin* concludes that the federal statutory definition of "conviction" encompasses convictions for firearms offenses that have been expunged pursuant to section 1203.4(a) of the California Penal Code. It concludes that an expungement pursuant to section 1203.4(a) constitutes a procedure that serves to ameliorate some of the punitive consequences of a legally valid finding of guilt but in no way undermines the original judgment. For these reasons, I reversed the BIA's decision in *Marroquin*.

My holding in *Marroquin* necessitates the reversal of the BIA's decision in this matter as well. Luviano-Rodriguez's firearms conviction was also expunged pursuant to section 1203.4(a) of the California Penal Code, and the BIA concluded on that basis alone in *Luviano* that he was not subject to

---

[3] Because Congress passed the new federal statutory definition during the pendency of respondent's appeal, the new statutory definition of "conviction" applies here. *See* IIRIRA § 322(c), 110 Stat. at 3009-629 (explaining that the new statutory definition shall apply "to convictions . . . entered before, on, or after the date of the enactment of [IIRIRA].").

deportation because he had not been "convicted" within the meaning of the relevant provision of the INA. *See Luviano*, 21 I&N Dec. at 238. For the reasons set forth more fully in my opinion in *Marroquin*, that determination cannot be reconciled with the new federal statutory definition of "conviction." *See* INA § 101(a)(48), 8 U.S.C. § 1101(a)(48).