# In re Francisco Javier VILLARREAL-ZUNIGA, Respondent

File A42 322 830 - San Antonio

*Decided March 9, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An application for adjustment of status cannot be based on an approved visa petition that has already been used by the beneficiary to obtain adjustment of status or admission as an immigrant.

FOR RESPONDENT: Juan Luis Burgos-Gandia, Esquire, Dallas, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Nancy A. Kryzanowski, Assistant Chief Counsel

BEFORE: Board Panel: OSUNA, Acting Vice Chairman. FILPPU and PAULEY, Board Members.

PAULEY, Board Member:

In an order dated July 25, 2005, an Immigration Judge denied the respondent's motion for a continuance, in which he stated that he had been unable to timely file an application for adjustment of status. In a second order dated the same day, the Immigration Judge deemed the respondent's adjustment application abandoned as untimely filed, cancelled his scheduled merits hearing, and ordered him removed to Mexico. The respondent has appealed from those decisions and has requested that we remand the record for consideration of his adjustment application, which he has submitted on appeal. The respondent's appeal will be dismissed and the request for a remand will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who avers that he became a lawful permanent resident of the United States in January 1990 on the basis

of a visa petition filed by his mother, who is also a lawful permanent resident.[1] The respondent was granted cancellation of removal in July 2000, after being placed in removal proceedings for aiding and abetting the smuggling of aliens into the United States. In January 2005, the respondent was again placed in removal proceedings following his October 2004 conviction for unlawfully carrying a handgun.

During a master calendar hearing on June 30, 2005, in the current removal proceedings, the respondent conceded removability but argued that he merits relief from removal in the form of adjustment of status. He asserted that he was eligible for adjustment based on the same visa petition he used in 1990 to become a lawful permanent resident. The record reflects that the Immigration Judge made no conclusive legal finding regarding whether the respondent could reuse his 1990 visa petition. However, he granted the respondent 20 days to file an Application to Register Permanent Residence or Adjust Status (Form I-485), and he scheduled a merits hearing for July 28, 2005.

The record reflects that the respondent's counsel attempted to file an adjustment application and supporting documents several days late, along with a motion requesting that the merits hearing be continued because of a scheduling conflict. The motion also explained that the application for adjustment of status was submitted late as a result of the respondent's detention and his mother's health problems. The Immigration Judge denied the motion to continue for failure to establish good cause, and he determined that the adjustment application was untimely filed and therefore deemed abandoned.

On appeal, the respondent contends that the Immigration Judge erred in denying his motion for a continuance to allow him to present his application for adjustment of status, which was based on the approved visa petition that he had used to adjust his status in 1990. The respondent has appended his adjustment application and supporting documents to his appeal brief and requests that we remand the record to the Immigration Judge for adjudication of the application.

## II. ISSUES

The primary issue before us is whether the provisions of 8 C.F.R. § 204.2(h)(2) (2005) allow an applicant for adjustment of status to base his application on an approved visa petition that he has already used to adjust his

---

[1] Although we do not engage in fact-finding on appeal, we will assume the truth of the facts propounded by the respondent for purposes of adjudicating his appeal and his request for a remand. *See* 8 C.F.R. §§ 1003.1(d)(3)(i), 1003.2(c)(1), (4) (2005).

status to that of a lawful permanent resident.  The respondent also raises due process concerns with respect to the Immigration Judge's rejection of his adjustment of status application and the denial of his request for a continuance.

## III.  REUSE OF AN APPROVED VISA PETITION FOR ADJUSTMENT OF STATUS

In order to qualify for adjustment of status, the respondent must satisfy three prerequisite conditions:  (1) he must have applied for adjustment of status; (2) he must be eligible to receive an immigrant visa; and (3) an immigrant visa must be immediately available to him at the time he files his adjustment application.  *See* section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (2000).  It is the respondent's burden to prove that he has met each of these requirements and that he merits a grant of relief in the exercise of discretion.  *See* 8 C.F.R. § 1240.8(d) (2005); *see also Matter of Gabryelsky*, 20 I&N Dec. 750, 756-57 (BIA 1993); *Matter of Rainford*, 20 I&N Dec. 598, 599 (BIA 1992).

The respondent contends that he is currently the beneficiary of an approved Petition for Alien Relative (Form I-130), which was filed by his mother and used to adjust his status in 1990.[2]  According to the respondent, the visa petition was approved pursuant to section 203(a)(2) of the Act, 8 U.S.C. § 1153(a)(2) (1988), which accorded second-preference classification to the "unmarried sons or unmarried daughters" of lawful permanent residents.[3]

The current regulation regarding the validity of approved visa petitions provides as follows:

> When a visa petition has been approved, and subsequently a new petition by the same petitioner is approved for the same preference classification on behalf of the same beneficiary, the latter approval shall be regarded as a reaffirmation or reinstatement of the validity of the original petition, *except* when the original petition

---

[2]  The respondent has not supplied a copy of the approved visa petition itself or any evidence that a petition was filed on his behalf.  Such evidence is required to demonstrate his eligibility for adjustment of status.  *See* section 245(a) of the Act; *Matter of K-L-*, 20 I&N Dec. 654, 659 (BIA 1993); 8 C.F.R. § 1245.2(a)(2) (2005).  In view of our decision in this matter, the respondent's failure to submit evidence of the visa petition does not affect the outcome of the case.

[3]  The current provisions of section 203(a)(2) of the Act, 8 U.S.C. § 1153(a)(2) (2000), accord second-preference classification to the children of lawful permanent residents, as well as to their unmarried sons and daughters.  The spouses of lawful permanent residents are also eligible for second-preference classification under both versions of the statute.

has been terminated pursuant to section 203(g) of the Act or revoked pursuant to part 205 of this chapter, or *when an immigrant visa has been issued to the beneficiary as a result of the petition approval*.

8 C.F.R. § 204.2(h)(2) (emphasis added). The respondent argues that this provision does not apply in his case because he is relying on the original visa petition approved in 1990, rather than on a subsequent petition.

We construe the language of this regulation according to the same principles of interpretation applied in determining the meaning of a statutory provision. *See Matter of Masri*, 22 I&N Dec. 1145, 1148 (BIA 1999). In ascertaining the plain meaning of a statutory provision, we read the language in harmony with the wording and design of the statute as a whole. *Matter of Nolasco*, 22 I&N Dec. 632, 636 (BIA 1999); *see also Matter of Smriko*, 23 I&N Dec. 836, 838 (BIA 2005). Moreover, "a statute or regulation should be construed so that effect is given to all its provisions, so that no part of it will be inoperative or superfluous, void or insignificant." *Matter of Masri*, *supra*, at 1148. "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 371 (1988) (citations omitted). Applying these rules of construction, we turn to the statutory and regulatory provisions at issue.

We must examine in context the plain language of 8 C.F.R. § 204.2(h)(2), which does not expressly state, but clearly implies, that a new visa petition is the only means of reaffirming or reinstating a previously approved visa petition. Under the respondent's interpretation, this provision would be superfluous, because subsequent visa petitions would never be required if an original petition was automatically reinstated upon the filing of a new application for adjustment of status. The respondent's interpretation is also incompatible with other provisions concerning the adjudication and validity of visa petitions. *See, e.g.*, sections 203(g), (h), 245(a), (b) of the Act; *see also* 8 C.F.R. §§ 1205.1(a), 1245.1(a), 1245.2(a)(2), (5)(ii) (2005). While the outcome proposed by the respondent may not be "foreclosed by the literal language of the statute [or regulations], it would be inconsistent with the purpose" of the intricate statutory and regulatory scheme governing visa petitions. *Matter of Romalez*, 23 I&N Dec. 423, 426 (BIA 2002).

The history of the regulations regarding the validity of approved visa petitions further supports the view that once an approved visa petition is used to obtain a benefit, it cannot be used again. The regulations in effect in 1990, when the visa petition filed on the respondent's behalf was originally approved, clearly provided that an approved visa petition ceased to convey a priority date or preference classification and could not be restored once it had

been used by a beneficiary to obtain either adjustment of status or admission as an immigrant.  8 C.F.R. § 204.4(f) (1990); *cf. Matter of Harry Bailen Builders, Inc.*, 19 I&N Dec. 412 (Comm. 1986) (holding, in accordance with 8 C.F.R. § 204.4(f), that an individual admitted as an employment-based immigrant on the basis of an approved visa petition and labor certification could not, after abandoning his residence in the United States, reimmigrate using the original visa petition and labor certification).

In September 1992, these regulations underwent significant amendment. *See* Petition to Classify Alien as Immediate Relative of a United States Citizen or as a Preference Immigrant, 57 Fed. Reg. 41,053 (Sept. 9, 1992).[4]  Although the clear language of former 8 C.F.R. § 204.4(f) was not retained in the revised regulations, its prohibition against the reuse of an approved visa petition was essentially carried over by the addition of an exception to the reinstatement of a visa petition's validity "when an immigrant visa has been issued to the beneficiary as a result of the petition approval."  *Compare* 8 C.F.R. § 204.4(c) (1990) *with* 8 C.F.R. § 204.2(g)(2) (1993) (currently at 8 C.F.R. § 204.2(h)(2)).  Furthermore, nothing in the commentary accompanying the revisions reflects an intention to change the long-standing rule that the beneficiary of a visa petition may use the approval of that petition to obtain only one visa number.[5]  We note in this regard that the prefatory language to the final regulation states that "these provisions do not change the process for petitioning for family members."  57 Fed. Reg. at 41,053 (Summary).  Accordingly, we find that under 8 C.F.R. § 204.2(h)(2), the respondent may not base his eligibility for adjustment of status on his original approved visa petition, which was already used to adjust his status in 1990.

---

[4]  Among other things, former 8 C.F.R. § 204.4 was amended and redesignated as 8 C.F.R. § 204.2(g) (1993).  57 Fed. Reg. at 41,063.  In further amendments in 1996, 8 C.F.R. § 204.2(g) was recodified into its present form as 8 C.F.R. § 204.2(h).  *See* Petition to Classify Alien as Immediate Relative of a United States Citizen or as a Preference Immigrant; Self-Petitioning for Certain Battered or Abused Spouses and Children, 61 Fed. Reg. 13,061, 13,075, 13,077 (Mar. 26, 1996).

[5]  We note that the respondent's case underscores the rationale underlying this sensible rule. The respondent's immigrant classification was in a preference category that is subject to annual numerical limits.  Therefore when he used the approval of his visa petition to obtain a visa number, he prevented someone else in that preference category from getting a visa that year.  *See* section 245(b) of the Act; 8 C.F.R. § 1245.2(a)(5)(ii).  To permit the respondent to consume yet another visa number on the basis of his original visa petition–a visa number which he requires only because he has sustained a criminal conviction that renders him removable–would be unfair to the other members of his preference category, at least one of whom would be forced to wait to obtain a visa.

Moreover, we note that approved visa petitions according preference classification under section 203(a)(2) of the Act only "remain valid for the duration of the relationship to the petitioner and of the petitioner's status as established in the petition." 8 C.F.R. § 204.2(h)(1). The respondent's adjustment of status application indicates that he is currently 31 years old and married, so he does not qualify as either a child or an unmarried son. *See* section 203(h) of the Act (providing that whether alien who seeks to adjust status qualifies as the "child" of a lawful permanent resident petitioner is determined by the age of the alien on the date on which an immigrant visa number becomes available for such alien); 8 C.F.R. § 1205.1(a)(3)(i)(I) (stating that approval of a visa petition according second-preference classification as a son or daughter is automatically revoked when the person marries prior to a final decision on an adjustment application). Therefore, even if the respondent's 1990 visa petition remained valid, he is no longer qualified to receive benefits as the beneficiary of that petition. Consequently, the respondent does not have an immigrant visa immediately available to him as required by section 245(a) of the Act, and he is therefore ineligible to adjust his status.[6] In view of the respondent's ineligibility for adjustment of status, there is no reason to remand the record for consideration of his application.

## IV. DUE PROCESS

The respondent asserts that the Immigration Judge's denial of his request for a continuance and rejection of his untimely filed adjustment application violated his due process rights. We disagree.

An Immigration Judge may grant a motion for continuance only "for good cause shown," within his sound discretion. 8 C.F.R. § 1003.29 (2005); *Matter of Silva-Rodriguez*, 20 I&N Dec. 448, 449-50 (BIA 1992); *Matter of Sibrun*, 18 I&N Dec. 354, 355-58 (BIA 1983). Moreover, an Immigration Judge's "decision denying [a] motion for continuance will not be reversed unless the alien establishes that the denial caused him actual prejudice and harm and materially affected the outcome of his case." *Matter of Sibrun*, *supra*, at 356-57; *see also Matter of Luviano*, 21 I&N Dec. 235, 237 (BIA 1996), *rev'd on other grounds*, 23 I&N Dec. 718 (A.G. 2005). Although the respondent's request for a continuance may have been reasonable, we find that he did not suffer any prejudice and that the denial of a continuance did not

---

[6] As the respondent does not have an approved visa petition, we need not reach the question whether he merits a waiver of inadmissibility, which he would require to adjust his status pursuant to *Matter of Gabryelsky*, *supra*.

materially affect the ultimate outcome of his case because we have determined that the respondent is ineligible for adjustment of status.

In regard to the rejection of the respondent's adjustment application, we find that the Immigration Judge acted within his discretion in scheduling a deadline for filing the application and in deeming that application waived or abandoned when it was not timely filed. 8 C.F.R. § 1003.31(c) (2005). In any case, in light of our finding of his ineligibility for relief, the respondent was in no way harmed by the Immigration Judge's actions.

## V. CONCLUSION

In sum, we conclude that 8 C.F.R. § 204.2(h)(2) precludes the respondent from basing his current application for adjustment of status on his original approved visa petition, which he used to adjust his status in 1990. We further find that the Immigration Judge did not violate the respondent's due process rights when he denied the motion for a continuance and ruled that the untimely application for adjustment of status was deemed abandoned. Accordingly, the respondent's appeal will be dismissed and his request for a remand will be denied.

**ORDER:** The appeal is dismissed and the request for a remand is denied.