[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 3, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 07-12390, 07-14171

_____

Agency No. A46-308-957

ROY AZIM,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 3, 2008)**

Before BIRCH, MARCUS and FORRESTER[*], Circuit Judges.

PER CURIAM:

_____

[*]Honorable J. Owen Forrester, United States District Judge for the Northern District of
Georgia, sitting by designation.

Roy Azim petitions for review of a final order of the Board of Immigration Appeals ("BIA") which (1) affirmed the Immigration Judge's ("IJ") decision that Azim was removable because he was inadmissible at the time of entry due to a willful misrepresentation of a material fact, 8 U.S.C. §§ 1182(a)(6)(C)(i), 1227(a)(1), Immigration and Nationality Act ("INA") §§ 212(a)(6)(C)(i), 237(a)(1); and (2) reversed the IJ's decision that Azim was eligible for a statutory waiver of removal because he was otherwise admissible at the time of admission, 8 U.S.C. § 1227(a)(1)(H)(II); INA § 237(a)(1)(H)(II).  After review, we grant the petition and VACATE and REMAND for further proceedings consistent with this opinion.

## I.  BACKGROUND

### A.    Vacatur of Azim's Convictions

In 1981, Azim, a native of Kyrgyzstan, was convicted in the former Kyrgyz Soviet Socialist Republic of various crimes, including inter alia illegally acquiring, possessing and storing unregistered firearms; obtaining gold nuggets and sable skins by fraud and deception and trading them in violation of the rules of monetary operations; inflicting serious physical harm; and obtaining and using narcotic substances.  With regard to the narcotic substances, Azim was found to have "illegally obtained and retained for personal use the narcotic 'Omnopon.'"  Azim served a seven-year sentence.

2

In 1991, Azim's convictions were vacated based on his rehabilitation. In 1998, the Plenum of the Supreme Court of the new post-Soviet Kyrgyz Republic completely vacated Azim's convictions due to lack of evidence that he committed the crimes and gross procedural errors in the prosecution.

**B.    Visa Application**

In May 1997, after the 1991 rehabilitative vacatur, but before the 1998 vacatur, Azim applied for a visa to enter the United States as an immigrant. On his application, Azim answered "no" to the questions whether he had ever been convicted of: (1) a crime involving moral turpitude; (2) two or more offenses with an aggregate sentence of five years or more; or (3) a crime involving narcotics. Azim also answered "no" to the question whether he had ever been arrested or convicted of a crime or had served a jail sentence.

The IJ and the BIA concluded that the government had proven that Azim was removable under 8 U.S.C. § 1227(a)(1)(A) as an alien who was inadmissible at the time he entered the United States because, pursuant to 8 U.S.C. § 1182(a)(6)(C)(i), because he had made a material misrepresentation on his visa application.[1]

_____

[1]The BIA's opinion adopted the IJ's determination that Azim was removable because he had made a willful, material misrepresentation in his visa application. Thus, we review both the BIA's opinion and the IJ's determination. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (explaining that we review the orders of both the IJ and the BIA where the BIA adopts the IJ's reasoning).

An alien who is inadmissible under the law at the time of entry is removable. 8 U.S.C. § 1227(a)(1)(A). At the time of Azim's June 1997 admission into the United States, an alien was excludable "who, by fraud or <u>willfully</u> misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or entry into the United States or other benefit provided under this chapter." 8 U.S.C. § 1182(a)(6)(C)(i) (1996) (emphasis added).[2] An alien's misrepresentation is willful if the statement was deliberate and the alien had knowledge of the statement's falsity. <u>See</u> <u>In re Healy & Goodchild</u>, 17 I. & N. Dec. 22, 28 (BIA 1979); <u>In re S- & B-C-</u>, 9 I. & N. Dec. 436, 445 (BIA 1960; A.G. 1961). The government bears the burden of proving the facts showing removability by clear, unequivocal and convincing evidence, including whether a material misrepresentation was made to procure a visa. <u>See</u> <u>Woodby v. INS</u>, 385 U.S. 276, 277, 87 S. Ct. 483, 484 (1966); <u>In re Bosuego</u>, 17 I. & N. Dec. 125, 131 (BIA 1980).

Azim does not contest that he made misrepresentations on his visa

---

We review legal determinations <u>de novo</u>, <u>Mohammed v. Ashcroft</u>, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and factual determinations under the substantial evidence test, <u>Forgue v. U.S. Att'y Gen.</u>, 401 F.3d 1282, 1286 (11th Cir. 2005). Although the materiality of a statement "rests upon a factual evidentiary showing," whether a misrepresentation is material is a question of law we review <u>de novo</u>. <u>See</u> <u>Kungys v. United States</u>, 485 U.S. 759, 772, 108 S. Ct. 1537, 1547 (1988) (quotation marks omitted).

[2]The current version of 8 U.S.C. § 1182(a)(6)(C)(i) is identical except that it substitutes the word "admission" for "entry" and uses the more recently implemented term "inadmissible" rather than "excludable."

4

application, only whether those misrepresentations were willful and material.

Substantial evidence supports the finding that Azim's misrepresentations on his visa application were willful. Azim was arrested, convicted and imprisoned, and Azim was aware that he had been arrested, convicted and imprisoned. Because Azim's statements in his visa application to the contrary were knowingly factually inaccurate and deliberately made, they were willful. The fact that Azim made the statements in good faith based on advice from his attorneys is unavailing as there is no requirement that Azim's misrepresentations have been made with an intent to deceive. See Mwongera v. INS, 187 F.3d 323, 330 (3d Cir. 1999) (stating that the government "does not need to show intent to deceive; rather, knowledge of the falsity of the representation will suffice"); Witter v. INS, 113 F.3d 549, 554 (5th Cir. 1997) (same); Forbes v. INS, 48 F.3d 439, 442 (9th Cir. 1995) (same).

We therefore turn to the question of whether Azim's misrepresentations were material. An alien's misrepresentation is material if it "had a natural tendency to influence the decisions of" an immigration official. Kungys, 485 U.S. at 772, 108 S. Ct. at 1547. An alien's misrepresentation as to an application for a visa or for entry in to the United States is material if: (1) the alien is inadmissible on the true facts; or (2) "the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he" was inadmissible. In re Bosuego, 17 I. & N. Dec. at

5

127-28; see also In re S- & B-C-, 9 I. & N. Dec. at 447.  "The important factor is how the case would have appeared to the consul had he been in possession of all the facts at the time application was made.  If having been in possession of all the facts, it would have appeared probable to the consul that respondent was inadmissible, then concealment of those facts was a material matter."  In re Bosuego, 17 I. & N. Dec. at 128 (brackets and quotation marks omitted).

In Azim's case, the IJ found that Azim "denied having been arrested, convicted, and serving a sentence of seven years in the Kyrgyz Republic for crimes involving the infliction of serious harm, narcotics violations, firearms violations, currency violations, and theft by deceit.  [Azim] would have been inadmissible based on these facts and therefore the misrepresentation was material."  The IJ concluded that these convictions were "not nullified by" the 1998 vacatur, but made no reference to the 1991 rehabilitative vacatur in its determination that Azim was removable.

In a 4 May 2007 order, the BIA reinstated its earlier April 2005 order and agreed with the IJ's finding that the misrepresentations were material.  However, the BIA made no analysis of the effect of Azim's 1991 rehabilitative vacatur. Under the law in effect in 1997 when Azim's visa application was under consideration by consular officials, a rehabilitative vacatur was effective to remove non-controlled substance convictions from an alien's record for immigration

6

purposes.  See In re Marroquin-Garcia, 23 I. & N. Dec. 705, 706-09 (A.G. 2005);

In re Luviano-Rodriguez, 21 I. & N. Dec. 235, 237-38 (BIA 1996), rev'd, 23 I. &

N. Dec. 718 (A.G. 2005).  Neither the IJ nor the BIA appear to have considered

whether Azim's Omnopon conviction was in fact a controlled substance offense

under 21 U.S.C. § 802 barring Azim's admission in 1997.[3]  Furthermore,

Omnopon is not listed in any of the federal drug schedules or referenced anywhere

else in the United States Code or the Code of Federal Regulations.  Nor did the

government present any evidence as to the drug class, chemical composition or

nature of Omnopon.  Thus, it appears the IJ (and the BIA) did not consider whether

it would have appeared probable to a consular official in 1997 that the 1991

vacatur was effective as to Azim's Omnopon conviction.[4]

Accordingly, we grant Azim's petition, vacate the BIA's decision dated 4

May 2007, and remand this case to the BIA for further findings of fact by the IJ as

---

[3]The BIA's May 4, 2007 order reinstating its prior decision stated in its recitation of the facts that Azim's narcotics conviction was for "possession and use of the narcotic opium . . . ." To the extent the BIA made a factual finding that Azim's Omnopon conviction was one for possessing and using opium, it is not supported by any record evidence and, in any event, was outside the scope of its authority.  See 8 C.F.R. § 1003.1(d)(3)(iv) (providing that the BIA "will not engage in factfinding in the course of deciding appeals").

[4]For purposes of determining materiality, we look at the circumstances as they existed at the time the visa application was made.  Bosuego, 17 I. & N. Dec. at 128.  Although Azim urges us to consider his 1998 vacatur, developments or happenings occurring afterwards cannot vitiate a material misrepresentation committed at the time an immigration benefit was obtained.  See Matter of G-R-, 7 I&N Dec. 508, 510 (BIA 1957).  Thus, we must disregard Azim's 1998 vacatur for purposes of evaluating the materiality of his misrepresentations.

to whether Omnopon is a controlled substance under 21 U.S.C. § 802 and whether the inquiry foreclosed by Azim's misrepresentations might well have resulted in the proper determination that his Omnopon conviction rendered him inadmissible.[5]

**PETITION GRANTED; VACATED and REMANDED.**

---

[5]Because we vacate and remand for further findings as to Azim's removability, we do not address the BIA's determination that Azim was alternatively ineligible for a discretionary waiver or the BIA's denial of Azim's motion for reconsideration.