[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13432
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2010
JOHN LEY
ACTING CLERK

Agency No. A072-445-431

SANYASIN HERNANI,
a.k.a. Sanyasen Hernai,

                                                        Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent-Appellee.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 4, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sanyasin Hernani seeks review of the Board of Immigration Appeals's

("BIA's") decision, affirming the immigration judge's ("IJ's") order granting the government's motion to pretermit Hernani's application for an INA § 237(a)(1)(H) waiver. Hernani contends that he should be allowed to use a visa petition for purposes of a second adjustment of status application under INA § 245 after previously using the same visa petition to obtain permanent resident status. We find no merit to Hernani's argument and affirm the ruling of the BIA.

## I.

Hernani's first I-485 application for permanent residence was approved on March 7, 1997. This application was based on a visa petition his father, who was a permanent resident, filed for him. On the I-485 application, Hernani checked a box stating that he had never committed any crime of moral turpitude or any drug related offense. When Hernani later applied to become a naturalized citizen it was discovered that Hernani had been convicted of possession of cannabis prior to his application for permanent residence.

Hernani was subsequently served with notice of removal proceedings due to the fact that he had fraudulently procured his permanent resident status. On March 19, 2007, Hernani asserted that he was eligible to submit an application to adjust his status under INA § 245 and waive his fraud and marijuana possession under INA § 212(h) and (i). Hernani argued that because fraud occurred in the application for permanent resident status he was never lawfully accorded

permanent residence status. Thus, Hernani concluded that he never "used" the visa petition and it remained available to him for the current INA § 245 status adjustment petition.

The IJ found that Hernani could adjust his status under INA § 245 and waive his fraud and marijuana possession under INA § 212(h) and (i), if he had an immigrant visa that was approved and current. However, the IJ found that the visa petition from Hernani's initial application for permanent resident status had been "used." Therefore, Hernani did not have an approved and current visa and his petitions were denied. Hernani appealed to the BIA where the IJ's decision was affirmed.

## II.

When examining a petition for review, we "must first consider whether we have subject matter jurisdiction to hear the petition at all." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). "We review subject matter jurisdiction *de novo*." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's order, so we review the BIA's order. We review the BIA's legal determinations *de*

*novo*.  *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).

**III.**

On appeal, Hernani contends that we have jurisdiction to review his question of law regarding when an immigration visa and visa petition is used and when they are available for purposes of an adjustment of status under INA § 245.  We do not have jurisdiction to review denials of certain types of discretionary relief, including the denial of an adjustment of status under INA § 245 (8 U.S.C. § 1255).  8 U.S.C. § 1252(a)(2)(B).  However, we do have jurisdiction to review constitutional questions and questions of law that an alien raises in his petition for review.  8 U.S.C. § 1252(a)(2)(D).  Because the issue of whether Hernani "used" the visa petition when he applied for an adjustment of status in 1997 is a question of law, we have jurisdiction to review this claim.

Hernani relies on *In re Koloamantangi*, 23 I. & N. Dec. 548, 549-50 (BIA 2003), to support his argument that his visa petition was not "used" in his initial application for permanent resident status.  "[A]n alien was not 'lawfully' admitted for permanent resident status if, at the time such status was accorded, he or she was not entitled to it."  *Id.* at 550;  *see also Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1317 (11th Cir. 2006) (adopting the BIA's definition of "lawful" from *Koloamantangi*).  The fact that Hernani fraudulently entered information on his initial permanent resident application means that he was never lawfully admitted to

4

permanent resident status. Hernani then concludes that because he was never lawfully admitted to permanent resident status his visa petition was never "used" and thus that visa petition is available for use in his current INA § 245 application for adjustment of status.

The U.S. Attorney General has the discretion to admit an alien for lawful permanent residence if (1) the alien applies for an adjustment, (2) the alien is admissible to the United States for permanent residence, and (3) "an immigrant visa is immediately available to him at the time his application is filed." INA § 245(a); 8 U.S.C. § 1255(a).

> When a visa petition has been approved, and subsequently a new petition by the same petitioner is approved for the same preference classification on behalf of the same beneficiary, the latter approval shall be regarded as a reaffirmation or reinstatement of the validity of the original petition, *except* when the original petition has been terminated pursuant to section 203(g) of the Act or revoked pursuant to part 205 of this chapter, or *when an immigrant visa has been issued to the beneficiary as a result of the petition approval*.

8 C.F.R. § 204.2(h)(2) (emphasis added).

The BIA has found that this regulation applies where a petitioner used his original visa petition to become a lawful permanent resident, was placed in cancellation of removal proceedings based on a criminal conviction, and applied for an adjustment of status based on his original visa petition. *See In re Villarreal-Zuniga*, 23 I. & N. Dec. 886, 887-90 (BIA 2006). *In re Villarreal-Zuniga* ruled

5

that once the visa petition was used to adjust the petitioner's status, it could not be used to adjust his status a second time.  *Id.* at 890.

Hernani argues that his case is different from the facts in *In re Villarreal-Zuniga.*  The petitioner in *In re Villarreal-Zuniga* was lawfully admitted as a permanent resident and then attempted to use the same visa petition for adjustment of status proceedings when he was facing removal.  Hernani, however, was never considered to have been lawfully admitted as a permanent resident.  Hernani argues that this means that his visa petition was "used" and thus *In re Villarreal-Zuniga* does not control his case.

"[O]nce an approved visa petition is used to obtain a benefit, it cannot be used again."  *Id.* at 889.  Regardless of whether Hernani's receipt of permanent resident status was actually lawful, he did in fact receive it and maintain the status for a number of years.  This receipt and maintenance of permanent resident status, however dubious, was a benefit that Hernani received from the use of the visa petition.  Therefore, we find that Hernani used the visa petition and cannot use it a second time for his current adjustment of status.  Thus, when Hernani applied to adjust his status a second time he did not have an immediately available immigration visa and was ineligible to apply for lawful permanent residence under INA § 245.  Accordingly, upon review of the record and consideration of the parties' briefs, we deny Hernani's petition for review.

6

**PETITION DENIED.**