NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSIEL FLORES, AKA Osiel Flores-Calderon,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-72270

Agency No. A096-856-175

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 2, 2022
Pasadena, California

Before:  CALLAHAN and H. THOMAS, Circuit Judges, and HUMETEWA,[**] District Judge.  Dissent by Judge H. THOMAS

Osiel Flores filed a petition for review of the Board of Immigration Appeals

(BIA) denial of cancellation of removal. He raises two arguments: (1) the

immigration judge (IJ) abused its discretion in denying his request for a

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

continuance and finding his application for relief abandoned; and (2) the BIA

abused its discretion by denying his motion to remand and failing to address

arguments therein. The denial of a continuance motion is reviewed for abuse of

discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We find the

agency did not abuse its discretion and deny the petition for review.

1. Flores first argues that the IJ abused its discretion in denying his

request for a continuance and finding his application for relief abandoned because

the IJ did not consider the relevant legal factors in its decision.

If an application for relief is not timely filed, it may be deemed

abandoned. 8 C.F.R. § 1003.31(c). In evaluating a request for continuance, the

agency must consider four factors known as the *Cui* factors: (1) the nature of the

evidence excluded as a result of the denial of the continuance, (2) the

reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and

(4) the number of continuances previously granted. *Qi Cui v. Mukasey*, 538 F.3d

1289, 1292 (9th Cir. 2008). An IJ's failure to state a reasoned basis for the decision

not to grant a continuance may constitute an abuse of discretion. *Ahmed*, 569 F.3d

at 1014.

All four *Cui* factors were considered by the IJ, though not all were

explicitly discussed in the IJ's written decision. First, the IJ did assess the nature of

the evidence excluded to the degree he could. The IJ explained that he normally

grants such motions if properly presented. However, Flores failed to identify what documents he was waiting for, what efforts he made to get them, and why he had been unable to get them. The record thus reflects the first *Cui* factor—the "nature of the evidence excluded" (or lack thereof, in this case)—was considered.

Second, the IJ considered the reasonableness of Flores' conduct. The IJ stated the "most important[]" reason for denying a continuance was that Flores had not explained why he did not file the documents he had available by the original deadline and later seek-leave to supplement the application with additional documents. The IJ noted that Flores failed to file his application on time, submitted a barebones motion to continue that was bereft of any detail on the day his application was due, and offered no explanation about the documents he needed additional time for.

Third, the IJ did consider the inconvenience to the court, albeit implicitly. The IJ had already granted a motion for continuance, reset a merit-hearing due to absent counsel, sternly warned Flores to file his application by July 21, 2028, and stated the possible consequences for failing to do so. The record also reflects that the IJ continued the matter several times due to Flores' attorney's unavailability. As of August 20, 2018, Flores failed to file his application for relief. The IJ has an independent duty "[i]n all cases . . . to resolve the questions before them in a timely and impartial manner." 8 CFR § 1003.10(b). Further delaying the case imposes an

3

inconvenience on the immigration courts.

Lastly, the IJ was required to consider the number of continuances previously granted. In this case, the IJ granted (1) a motion for continuance and (2) a motion to extend the filing deadline. The IJ was not required to grant a second motion and the denial of a continuance is within the sound discretion of the IJ. *Qi Cui*, 538 F.3d at 1292. On this record, we cannot find that the IJ abused its discretion in denying Flores' request for a continuance.

2. Flores next argues that the BIA abused its discretion in denying his motion to remand and failing to address arguments therein.

Under the BIA's precedent, "an Immigration Judge's decision denying [a] motion for continuance will not be reversed unless the alien establishes that the denial caused him actual prejudice or harm and materially affected the outcome of his case. *Matter of Villarreal*, 23 I. & N. Dec. 886, 891 (B.I.A. 2006). Further, "[t]he board has long held that applications for benefits under the Act are properly denied as abandoned when the alien fails to timely file them." *Matter of R-R-*, 20 I. & N. Dec. 547 (B.I.A. 1992).

The BIA applied the four *Cui* factors to Flores' case and in a well-reasoned decision reached the same conclusion as the IJ. Even on appeal, Flores failed to identify why he was unable to comply with the filing deadline. Therefore, the BIA did not abuse its discretion in denying the motion to remand because it considered

4

the four *Cui* factors and stated a reasoned basis for denying the motion.

For the reasons above, the petition for review is **DENIED**. The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise **DENIED** as moot.

*Flores v. Garland*, 20-72270

H. THOMAS, Circuit Judge, dissenting:

Immigration judges (IJs) must consider at least four factors, known as the *Cui* factors, when evaluating a request for a continuance: (1) the nature of the evidence excluded as a result of the denial of a continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted. *Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014); *see Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008). This requirement is not a mere formality. It balances the need for timely resolution of the matters before the immigration courts with immigrants' interests in fully presenting their cases. *See Cui*, 538 F.3d at 1292. It also protects the equities that may be put at risk by a too-narrow focus on expedient case resolution. So important is this framework that we have held that the "fail[ure] to analyze all of the *Cui* factors" is alone an abuse of discretion. *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019).

In denying Flores's request for a continuance and determining that he had abandoned his case, the IJ considered only one issue: whether Flores's counsel had adequately explained why a continuance was required. The IJ did not address any *Cui* factors beyond reasonableness, even though several of them might have favored a continuance. Under our precedents, the result is clear: this was an abuse of discretion that requires remand under *Cui*.

1

The majority does not dispute that the IJ did not "explicitly" address all four *Cui* factors. *See* Maj. at 2. It nevertheless concludes that the IJ "implicitly" considered each of them. I respectfully disagree with my colleagues on this point. While the reasons given by the majority might have supported the denial of a continuance, nothing in the record suggests that the IJ performed the analysis that the majority has performed here. And, indeed, had the IJ expressly considered each of the *Cui* factors, he could reasonably have concluded that the equities weighed in favor of a continuance. This was Flores's first request for a continuance of the deadline for filing his application for relief.[1] The Government did not oppose a continuance. The continued date would have been nearly four months before the next scheduled hearing in Flores' case. Perhaps most significantly, the IJ himself acknowledged that he would ordinarily grant a continuance under these circumstances.

I do not downplay the potential disruption that Flores' request may have caused the court. But the IJ did not discuss this. A careful examination of the IJ's order reveals no weighing of the difficulty a 30-day continuance might have caused for the court against the severe consequences that might flow from the

---

[1] The majority and the BIA err in characterizing Flores's motion as his second request for a continuance of the deadline for filing his application for relief. It is clear from the record that the July 31, 2018, date that Flores sought to continue was the first deadline the IJ had imposed for filing the application, and thus this was the first request for a continuance of this deadline.

denial of the motion. *See Cui*, 538 F.3d at 1293 (holding that the equities favored a continuance when denial of a continuance would "effectively pretermit[] any hope . . . of obtaining relief"). This weighing is what *Cui* requires. I would remand for it to be done.

I therefore respectfully dissent from the majority's decision to deny the petition for review.