## MATTER OF WONG*

In Deportation Proceedings

A–19057437

A–19058775

A–19058773

*Decided by Board January 17, 1972*

(1) Admission to the United States of respondents, a married female alien and her two minor children, in possession of visas to which they were not entitled never conferred a lawful status upon them, and they cannot rely on each other's admission to bring themselves within the purview of section 241(f) of the Immigration and Nationality Act, as amended.

(2) The Service, acting out of a desire to benefit the minor respondents, should not be penalized because orders to show cause were not issued to them when proceedings were instituted against the mother. The issuance of orders to show cause to the children subsequent to the mother's deportation hearing and a request for reopening of proceedings in her case so that all three cases could be considered at one time was not improper, since formal action in the cases of the minors had been made an issue by the special inquiry officer.

CHARGES:

Order: Act of 1952 — Section 241(a)(1) [8 U.S.C. 1251(a)(1)] — Excludable at entry as aliens not of status specified in immigrant visa.

Lodged: Act of 1952 — Section 241(a)(1) [8 U.S.C. 1251(a)(1)] — Excludable at entry under section 212(a)(20), not in possession of valid immigrant visas.

<table>
<tr><td>ON BEHALF OF RESPONDENTS:<br>Michael W. Roberts, Esquire<br>970 North Hill Street<br>Los Angeles, California 90012<br>(Brief filed)</td><td>ON BEHALF OF SERVICE:<br>R. A. Vielhaber<br>Appellate Trial Attorney<br><br>Reece B. Robertson<br>Trial Attorney<br>(Brief filed)</td></tr>
</table>

---

* Affirmed: 474 F.2d 739 (C.A. 9, 1973).

Respondents appeal from the special inquiry officer's order finding them deportable on the lodged charge. Voluntary departure was granted. The appeals will be dismissed.

The facts have been fully stated in previous orders. Briefly, respondents are a married female alien, 46 years of age, and her two minor children. The adult respondent is a native and citizen of China, the minor respondents are natives of Hong Kong and citizens of Great Britain. The husband/father of the respondents received an immigrant visa under the fourth preference. The respondents were given preference visas as members of an immigrant's family accompanying him or following to join him, section 203(a)(9) of the Act. The husband/father never came to the United States. When the respondents applied for admission on March 7, 1969, the Service, unaware that they were not accompanying or following to join the husband/father, admitted them for permanent residence. On August 27, 1969, the Service instituted deportation proceedings against the adult respondent. Proceedings were not instituted against the minor respondents.[1] On October 15, 1969, the special inquiry officer entered an order in the deportation proceeding finding that the adult respondent was not deportable because she was within the provisions of section 241(f) of the Act which, under certain conditions, save from deportation an alien who entered by fraud or misrepresentation. As is pertinent here, one of the conditions imposed by section 241(f) is that the alien who is under proceedings be the parent or the child of an alien lawfully admitted for permanent residence. The special inquiry officer found that the adult respondent met this condition because she was the parent of the two minor children who had been admitted for permanent residence. The special inquiry officer held that while the minors had been erroneously admitted for permanent residence, he was required to consider them as having been lawfully admitted for permanent residence until they were placed in deportation proceedings and were formally adjudicated to be deportable. He certified his decision to the Board since a novel question was involved.

Before the Board acted, the Service placed the two minor respondents under deportation proceedings and moved for reopening of the adult respondent's case so that the three cases could be considered together. We granted the motion. In our order, we pointed out that the special inquiry officer's decision having been

---

[1] The Service states that it refrains from issuing an order to show cause in the case of a deportable child of tender years whose parent is in deportation proceedings. This restraint is exercised so that the child may leave on a voluntary basis with the parent if the parent's departure is required.

certified was not a final action, but merely a suggested solution. Our reopening order required the special inquiry officer to redetermine the issues presented.

The special inquiry officer handled the three cases together. He held that respondents were deportable on the lodged charge since they had not been admissible to the United States with their preference immigrant visas: they were not accompanying or following to join their husband/father. It followed that they had not been in possession of valid visas. He held that section 241(f) relief was not available to any of the respondents since no person to whom they had the necessary relationship was a lawful permanent resident alien or a United States citizen.

Counsel contends that the necessary conditions exist for the application of section 241(f) to any respondent's case. He believes that the lawful permanent resident mentioned in section 241(f) need not be a person who is a lawful permanent resident at the time of the deportation proceeding as long as he was at one time, no matter how brief a time, such a person. He believes that any of the respondents is such a person because each, even if only for a moment, was a lawful permanent resident upon admission. Additionally, he contends that the adult female respondent was a lawful permanent resident, at least, from the time the special inquiry officer terminated the deportation proceeding and certified his decision, to the time the Board reopened proceedings.

The contentions are rejected. Admission of respondents in possession of visa to which they were not entitled never conferred a lawful status upon them, *Mannerfrid* v. *Brownell*, 145 F. Supp. 55 (D.C., 1956); *U.S. ex rel. Garos* v. *Reimer*, 24 F. Supp. 869 (S.D.N.Y., 1938), affirmed 97 F.2d 1019 (C.A.2, 1938), cert. denied 305 U.S. 650 (1938); *Matter of M—*, 4 I. & N. Dec. 532 (A.G., 1952). The special inquiry officer's original order terminating proceedings in the belief that the adult respondent came within section 241(f) conferred no rights upon her. As we stated in our order reopening proceedings, a decision which is certified is not a final one, it is merely a suggested disposition of a case. Not until the Board enters its order is there a final adjudication of the alien's rights. We are faced therefore, with the cases of three aliens who, although admitted for permanent residence, were not lawfully admitted. They cannot rely upon each other's admission to bring themselves within section 241(f).

Cases cited by counsel concerning that aspect of section 241(f) which makes it a condition of eligibility that the alien be "otherwise admissible" are inapposite. We do not reach this aspect of eligibility since the respondents are clearly ineligible on the ground we have previously discussed.

14

Counsel contends that the Board failed to follow its regulations when it based its action in reopening the deportation proceeding on the fact that orders to show cause had been issued in the cases of the minor respondents. The regulation provides that the Board shall not grant a reopening unless the motion to reopen is based on evidence not previously available to the movant and the evidence could not have been discovered or presented at the former hearing, 8 CFR 3.2. Counsel contends that the Service, aware that the minor respondents had not been lawfully admitted for permanent residence, could have issued orders to show cause and could have presented evidence of such issuance at the former hearing. The contention must be dismissed. The fact that orders to show cause were not issued to the children together with the mother has been adequately explained by the Service. The Service should not be penalized because it acted out of a desire to benefit the minor respondents. Since formal action in the case of the minors had been made an issue by the special inquiry officer, it was not improper to take such formal action and then request reopening of proceedings so that all three cases could be considered at one time.

We note that the adult respondent has another child involved in immigration proceedings. Her son Lip (Lap) Kuen Wong, A-17189943, a minor, was excluded by a special inquiry officer when he applied on March 8, 1969 at Honolulu, Hawwaii. His appeal has been dismissed by the Board. Counsel informed us that this child is the beneficiary of an order issued by the United States District Court at Los Angeles in *habeas corpus* proceedings permitting him to stay in the United States until a final determination is made on the adult respondent's case. The adult respondent filed a visa petition on this child's behalf requesting that he be classified as the unmarried child of an alien lawfully admitted for permanent residence. The District Director denied the petition on the ground that the petitioner was not an alien lawfully admitted for permanent residence. Her appeal in the visa petition case, also before us, is being dismissed this day.

**ORDER:** The appeals are dismissed.

*Further order:* Pursuant to the special inquiry officer's order, the respondents are permitted to depart from the United States voluntarily within 60 days from the date of this decision or any extension beyond that time as may be granted by the District Director; in the event of failure so to depart, the respondents shall be deported as provided in the special inquiry officer's order.