# In re Siaosi Fisiimaile KOLOAMATANGI, Respondent

File A26 913 187 - Denver

*Decided January 8, 2003*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who acquired permanent resident status through fraud or misrepresentation has never been "lawfully admitted for permanent residence" and is therefore ineligible for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000).

FOR RESPONDENT: Laura L. Lichter, Esquire, Boulder, Colorado

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Weldon S. Caldbeck, Assistant District Counsel

BEFORE: Board Panel: GUENDELSBERGER, BRENNAN, and PAULEY, Board Members.

PAULEY, Board Member:

This matter was last before us on December 14, 2001, when we summarily dismissed the respondent's appeal for failure to file a written brief. On January 11, 2002, the respondent filed a motion to reopen proceedings, seeking to submit his appellate brief and explaining its untimeliness. The motion to reopen will be granted and the respondent's brief will be accepted. The appeal will be dismissed in part and sustained in part, and the record will be remanded to the Immigration Judge for further proceedings.

## I. BACKGROUND

In a decision dated January 24, 2001, the Immigration Judge pretermitted the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000), for which only aliens who have been "lawfully admitted for permanent residence" are eligible. This case is before us on the respondent's motion to reopen, primarily to allow consideration of his application for that relief.[1]

---

[1] If the respondent is found ineligible for cancellation of removal under section 240A(a) of the Act, he also seeks, in the alternative, to apply for voluntary departure and cancellation of

(continued...)

According to the evidence presented at the hearing, the respondent obtained permanent resident status in 1985 by virtue of his "marriage" to a United States citizen, which resulted in the birth of a child in this country in 1988. However, his marriage was knowingly bigamous, as he was then married to a Tongan national.[2]   The Immigration Judge determined, in effect, that although the respondent was facially and procedurally in lawful permanent resident status for more than the requisite number of years to qualify for cancellation of removal under section 240A(a), he was never, in a legal sense, an alien "lawfully admitted for permanent residence," because his acquisition of that status was procured by fraud.  We agree.

## II.  DISCUSSION

This case turns on the meaning of the term "lawfully admitted for permanent residence."  The term is defined in section 101(a)(20) of the Act, 8 U.S.C. § 1101(a)(20) (2000), to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."  The regulations at 8 C.F.R. § 1.1(p) (2002) contain a definition of the same term that repeats verbatim the statutory definition and, pursuant to a 1996 amendment, includes the following sentence: "Such status terminates upon entry of a final administrative order of exclusion or deportation."  *See also* Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900, 18,904 (1996).

Relying on this final sentence, the respondent argues that he has accrued the necessary 5 or more years of lawful admission as a permanent resident to qualify for cancellation of removal under section 240A(a) of the Act, because no final administrative order was entered depriving him of that status.  We disagree.

Nearly a half century ago, long before the final sentence was added to the regulatory definition of the term "lawfully admitted for permanent residence," the Board and the Attorney General determined that an alien who acquires permanent resident status through fraud or misrepresentation has not made a lawful entry upon which to base eligibility for relief.  *Matter of T-*, 6 I&N Dec. 136 (BIA, A.G. 1954); *see also Matter of Wong*, 14 I&N Dec. 12 (BIA 1972).  The Immigration Judge cited *Matter of T-*, *supra*, but thought it was "not on point" because it involved relief under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994).  To the contrary, we find that the holding in

---

[1]  (...continued)

removal under section 240A(b).  *See infra* note 7.

[2]  At the time of the hearing before the Immigration Judge, the respondent was divorced from both wives.

that case is clearly applicable to the respondent's situation despite the fact that it involved another form of relief.

Consistent with *Matter of T-*, *supra*, the United States Courts of Appeals for the Fifth and Ninth Circuits each decided that the term "lawfully admitted for permanent residence" did not apply to aliens who had obtained their permanent resident status by fraud, or had otherwise not been entitled to it. *See Monet v. INS*, 791 F.2d 752 (9th Cir. 1986); *Matter of Longstaff*, 716 F.2d 1439, 1441-42 (5th Cir. 1983); *cf. Biggs v. INS*, 55 F.3d 1398, 1401 (9th Cir. 1995). The courts reasoned that the aliens' proposed interpretation of the term—identical to that advanced by the respondent—"distorts" the term's meaning, because "'lawfully' denotes compliance with substantive legal requirements, not mere procedural regularity." *Matter of Longstaff*, *supra*, at 1441; *see also Monet v. INS*, *supra*, at 753. To our knowledge, no federal appellate authority or any subsequent Board precedent has held to the contrary.

We find that the reasoning in these decisions is sound and survives the 1996 amendments to the regulations. Indeed, in 1996 Congress abolished the section 212(c) waiver, which was available only to lawful permanent residents, and substituted similar requirements for the comparable relief of cancellation of removal under section 240A(a) of the Act. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 304, 110 Stat. 3009-546, 3009-594, 3009-597. It is illogical that Congress could have intended that an alien who committed fraud in order to obtain such status, and whose fraud was not discovered until more than 5 years had passed, could rely on having obtained such status "lawfully" to claim eligibility for relief.

Nothing in the regulation's final sentence changes the above analysis. The explanatory materials that accompanied the 1996 amendment of 8 C.F.R. § 1.1(p) make clear that the final sentence was added to codify our decision in *Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), *aff'd*, 681 F.2d 107 (2d Cir. 1982), where we held that an alien's permanent resident status, which had been lawfully obtained, terminated with the entry of a final administrative order of deportation. 61 Fed. Reg. at 18,900-01. The regulation was also intended to overcome certain decisions of the Second and Ninth Circuits that had held, in the context of a motion to reopen, that lawful permanent resident status did not terminate until an alien physically departed the United States. *Id.*[3] There is no indication that the addition of the final sentence was intended to undermine the long-standing decisions holding that an alien was not "lawfully" admitted for permanent resident status if, at the time such status was accorded, he or she was not entitled to it.

---

[3] *Butros v. United States INS*, 990 F.2d 1142 (9th Cir. 1993); *Vargas v. INS*, 938 F.2d 358 (2d Cir. 1991).

Similarly, nothing in our latest decision regarding the term "lawfully admitted for permanent residence" is to the contrary. *Matter of Ayala*, 22 I&N Dec. 398 (BIA 1998). That decision was rendered in the context of determining eligibility for a waiver under section 212(h) of the Act, 8 U.S.C. § 1182(h) (Supp. II 1996). Our statement therein that "the respondent, who does not yet have a final order of deportation, still enjoys the status of an alien who has been 'lawfully admitted for permanent residence'" was made in a factual setting similar to that in *Matter of Lok*, *supra*, where it was not alleged that the alien had acquired his permanent resident status unlawfully,[4] but he had subsequently been convicted of a federal offense that might cause him to lose his status. *Matter of Ayala*, *supra*, at 402. Thus, the Board properly observed that the

> fact that the respondent's criminal behavior may, in the future, prevent him from continuing to enjoy his status as one lawfully admitted for permanent residence does not confer on him the preferential treatment implicit in the current language of section 212(h), accruing to an alien who has not previously been admitted as an alien lawfully admitted for permanent residence.

*Id.* The instant case is different, because here the respondent obtained his permanent resident status fraudulently and was therefore never "lawfully" accorded the status required to establish eligibility for cancellation of removal under section 240A(a).

In sum, the added regulatory sentence regarding when an alien's lawful permanent resident status "terminates" is inapposite to the issue at hand, because the respondent never "lawfully" acquired such status, although he reaped its benefits until his fraud was discovered. Consistent with *Matter of T-*, *supra*, and the Fifth and Ninth Circuit decisions cited above, we hold that the correct interpretation of the term "lawfully admitted for permanent residence" is that an alien is deemed, ab initio, never to have obtained lawful permanent resident status once his original ineligibility therefor is determined in proceedings. We perceive no basis for concluding that the Tenth Circuit, which appears not to have confronted this question, would reach a different outcome.[5]

---

[4] Although the respondent in *Ayala* claimed that he had been engaged in undisclosed criminal activities at the time he became a permanent resident and was therefore not "lawfully" admitted so as to render him ineligible for a waiver, we rejected that argument based on the language of section 212(h).

[5] In its recent decision in *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002), the court observed that the respondent's lawful permanent resident status had not been terminated because there was no final administrative order of removal against him. But the court had no occasion to address the issue in this case: whether an alien who obtained permanent resident status by fraud may be deemed, for purposes of eligibility for cancellation of removal, ever to

(continued...)

### III.  CONCLUSION

We find that the respondent is ineligible for cancellation of removal under section 240A(a) of the Act because he was never lawfully admitted for permanent residence.  We will therefore dismiss his appeal in regard to his eligibility for that relief.  However, the respondent, who has a United States citizen child, would appear to be eligible to apply for a waiver under section 237(a)(1)(H) of the Act, 8 U.S.C. § 1227(a)(1)(H) (2000).  Despite doubts expressed by the Immigration Judge relating to the respondent's good moral character, he may also be eligible for cancellation of removal under section 240A(b).[6]  We will therefore sustain the appeal in part and remand the record to the Immigration Judge.

**ORDER:** The motion to reopen is granted.

**FURTHER ORDER:** The appeal is dismissed in part and sustained in part, and the record is remanded to the Immigration Judge for further proceedings consistent with this opinion.

---

[5] (...continued)
have been lawfully in such status.  Instead, the Tenth Circuit was considering the constitutionality of the mandatory detention provisions of section 236 of the Act, 8 U.S.C. § 1226 (2000), as applied generally to lawful permanent residents.  Citing 8 C.F.R. § 1.1(p), the court simply noted in its opinion that although the aliens in that case were deportable by virtue of their criminal records, they remained "lawful permanent residents until such time as they are finally ordered deported." *Hoang v. Comfort*, *supra*, at 1256.  The court concluded that as lawful permanent residents, the aliens in that case were persons within the meaning of the Fifth Amendment and were entitled to due process of law. *Id*.  That decision is of no comfort to the respondent, as it is merely consistent with the general rule announced in *Matter of Lok*, *supra*, and has no bearing on the issue posed here.

[6] The Immigration Judge denied voluntary departure on the ground that the respondent knew that there was an impediment to his adjustment of status in 1985 (i.e., his prior undisclosed marriage) and continued to maintain the deception for many years.  Although the Immigration Judge stated at the hearing that he would entertain a motion to reopen to allow the respondent to apply for cancellation of removal under section 240A(b) of the Act, he indicated that he would likely find the respondent ineligible for that relief as well, based on his lack of good moral character.  We do not construe this statement as precluding the respondent from applying for such relief.  We note, however, that there is a separate question whether, as a result of his misrepresentation and bigamy, the respondent is barred from establishing eligibility by the stop-time provisions of section 240A(d)(1)(B), which relate to the commission of certain offenses, including crimes involving moral turpitude.  In the event the Immigration Judge finds the respondent eligible for cancellation of removal under section 240A(b), he may also wish to reconsider his denial of voluntary departure.