United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60556

WAHAB O. THOMAS,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order from the Board of Immigration Appeals
(A91 245 632)

Before SMITH, WIENER, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge[*]:

Wahab Thomas ("Thomas"), a citizen of Nigeria, petitions for review of an order of the Board

of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") removal order

of August 12, 2004. The IJ orally held that because Thomas pled guilty in 1982 to credit card

fraud/abuse and his probation was revoked in 1989, he was "clearly convicted prior to his putative

adjustment of status to permanent resident in 1990" and, therefore, was an arriving alien who never

lawfully obtained permanent status. Accordingly, the IJ found that Thomas was ineligible for waiver

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

and cancellation. Thomas timely petitioned this court, via the federal district court,[1] for review. For the following reasons, we deny Thomas's petition for review and affirm the IJ and BIA's judgment ordering him removed.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas, a citizen of Nigeria, entered the United States in April of 1980 on a non-immigrant visa. On May 20, 1982, Thomas was convicted, via a deferred adjudication of guilt, of credit card fraud and abuse in the third degree in violation of Texas Penal Code § 32.31(b) and was sentenced to five years' probation for the offense. Four months later, he married Kubuat Adebimpe, also a native and citizen of Nigeria, in Houston, Texas. In December of 1988, Thomas's immigration status was adjusted to that of lawful temporary resident; however, in October of 1989, a formal "judgment adjudicating guilt" was entered against Thomas in Texas state court relating to his previous credit card fraud offense because he had not reported to his probation officer, as mandated by his sentence, for six months. As a result, Thomas was resentenced to five years in prison on the original charge. In August of 1990, Thomas's status was adjusted to that of a lawful permanent resident under 8 U.S.C. § 1255a (1990); however, Thomas failed to disclose his prior conviction on his application.

In April of 2004, Thomas left the United States. When he returned in May of 2004, he applied for admission to the United States as a returning lawful permanent resident. During the process of his application for admission, the Government discovered Thomas's conviction, served him with a notice to appear, and charged him with removability as an alien who had been convicted

---

[1]Thomas timely filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas, which was transferred to this court as a petition for review under §106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 302 (2005).

of a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and as an intending immigrant not in possession of a valid immigrant visa under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Thomas denied the charges of removability and argued that he should have been granted a waiver of immunity under 8 U.S.C. § 1182(c) or 11 U.S.C. § 1182(h). Therefore, Thomas's attorney expressed an intent to file a FOIA request for production of Thomas's entire immigration file to demonstrate that such waiver had been granted; however, as his appellate counsel conceded at oral argument, no such request was filed. Instead, Thomas's attorney merely filed a motion to compel requesting production of Thomas's records from counsel for the Government; the Government had previously provided Thomas with a five-page portion of his immigration file, including part of his application to adjust status.

Ultimately, the IJ found that Thomas was ineligible for a waiver in 1990 and therefore never lawfully obtained permanent resident status. He also determined that Thomas was ineligible for the present waivers requested of the IJ via Thomas's application for cancellation of removal, application for waiver, and adjustment of status and he denied the motion to compel requesting production of Thomas's complete immigration records. Therefore, on August 12, 2004, the IJ ordered Thomas removed from the United States and Thomas appealed the order to the BIA; he argued that the IJ erred in (1) failing to grant waiver under § 1182(h) and (2) failing to order the Government to produce its entire immigration file. The BIA agreed with the IJ and summarily affirmed. This petition for review followed.

DISCUSSION

"Generally, we review the decision of the BIA and will consider the underlying decision of the IJ only if it influenced the BIA's determination." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir.

3

1997). When, as in this case, the BIA adopts the IJ's decision without a written opinion, we review the IJ's decision. *Id*.

After evaluating the merits, we deny the petition for review, affirming the holding of the BIA. The IJ was correct when it found that Thomas, who failed to disclose his conviction to the former INS, never lawfully obtained permanent resident status at the time of his adjustment of status in 1990, as his conviction rendered him inadmissible to the United States and was evidently never waived.

Pursuant to 8 U.S.C. § 1255a, as it stood in 1990, the Attorney General ("AG") has the authority to adjust the status of an alien who is provided lawful temporary resident status to that of an alien lawfully admitted for permanent residence if the alien: (1) is admissible as an immigrant and (2) has not been convicted of a felony or three or more misdemeanors committed by the United States. Therefore, if Thomas, a convicted felon, had disclosed his conviction in 1990, he would have been unquestionably prohibited from adjusting his status. Furthermore, the BIA has held that "[a]n alien who acquired permanent resident status through fraud or misrepresentation has never been 'lawfully admitted for permanent residence' and is therefore ineligible for cancellation of removal." *Matter of Koloamatangi*, 23 I&N Dec. 548 (BIA 2003). Finally, because Thomas has been convicted of credit card fraud/abuse in the third degree, which under 8 U.S.C. § 1182(a)(9) (1990) made him inadmissible to the United States as an immigrant–a prerequisite for adjustment of status–waiver by the AG was precluded under 8 U.S.C. § 1255a(d)(2)(B)(ii) (1990). Accordingly, the IJ did not err when he found Thomas currently ineligible for cancellation of removal or any waivers of inadmissibility available to aliens who were lawfully admitted as permanent residents because Thomas had never been lawfully admitted as a permanent resident.

4

Regarding counsel for Thomas's FOIA request for Thomas's full immigration record, we find counsel's argument that Thomas's full immigration file should have been produced is without merit. It is not enough that Thomas's counsel merely requested such information from opposing counsel; the proper procedure to obtain Thomas's immigration file was through a FOIA request, which Petitioner's counsel conceded was never filed.[2] Therefore, we deny the petition for review.

CONCLUSION

For the foregoing reasons, the petition for review is DENIED.

---

[2]Even if we were to review Thomas's entire immigration file, we are certain that we would find it does not contain a waiver that is valid as a matter of law, because, for the reasons explained above, waiver was not available to Thomas.