**Orlando JAVELLANA, aka Orlando Jesena, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–71800.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.\*\*

Filed Nov. 28, 2007.

Prashanthi Rangan, Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., Leslie McKay, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CUDAHY \*\*\*, REINHARDT, and PAEZ, Circuit Judges.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh

MEMORANDUM \*\*\*\*

Orlando Jesena, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of his application for cancellation of removal.[1] Jesena argues that the BIA erred by determining that he did not qualify for a waiver of misrepresentation under 8 U.S.C. § 1227(a)(1)(H) and thereby finding him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). He also contends that the BIA erred in finding that he did not satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction to address the first claim pursuant to 8 U.S.C. § 1252 (2000), *as amended by* REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, § 106, 119 Stat. 231, and we hold that the BIA did not err in finding Jesena ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). We lack jurisdiction to reach the second claim. *Romero–Torres v. Ashcroft*, 327 F.3d 887 (9th Cir. 2003).

■ The BIA determined that because Jesena fraudulently concealed his 1992 immigration fraud when he applied for legal permanent resident status in 1998, the grant of this status was not valid. As the BIA noted in *Monet v. INS*, 791 F.2d 752 (9th Cir.1986), we held that where it is later determined that an alien has committed fraud in obtaining resident status, he has never been "lawfully admitted" into the United States for purposes of 8 U.S.C. § 1229b(a). *See also Matter of Koloamantangi*, 23 I & N Dec. 548 (BIA 2003).

Thus, the BIA did not err in treating Jesena as an arriving alien and finding him ineligible for cancellation of removal on that basis.

■ We lack jurisdiction over Jesena's challenge to the BIA's discretionary determination that he failed to demonstrate exceptional and extremely unusual hardship to his legal permanent resident wife. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d at 891.

Petition **DISMISSED** in part; **DENIED** in part.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Here, we review both the decision of the BIA and those parts of the immigration judge's decision incorporated into the BIA's decision. "Where ... the BIA has reviewed the IJ's decision and incorporated portions of it as its own, [this court] treat[s] the incorporated parts of the IJ's decision as the BIA's." *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).