**Francisco PASTOR, Petitioner—Appellant,**

v.

**Michael B. MUKASEY, Attorney General, Respondent—Appellee.**

No. 04–35893.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2008.*

Filed June 30, 2008.

Robert Pauw, Gibbs Houston Pauw, Seattle, WA, for Petitioner–Appellant.

Alison Marie Igoe, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Marion J. Mittet, Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and WRIGHT **, District Judge.

MEMORANDUM ***

Petitioner Francisco Pastor–Camarena ("Pastor") was convicted in 1985 of violating Washington Revised Code § 69.50.401(a)(1)(i) for unlawful possession of heroin with intent to deliver. After he was deported in 1985, Pastor re-entered the United States illegally in 1987 and began using the identity of Antonio Mariscal. Pastor fraudulently applied for legal resident status under the Special Agricultural Worker ("SAW") program using Mariscal's identity. The Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's ("IJ") conclusion that because Pastor was inadmissible upon his second entry, and obtained his legal status through fraudulent means, he was deportable as inadmissible and for having a prior drug trafficking conviction. Pastor petitions for review, arguing that he is entitled to the relief available to lawful permanent residents because he obtained that status automatically under the SAW program, and that he was eligible for cancellation of removal and other forms of relief even though he did not request such relief before the IJ or the BIA. We deny the petition in part and dismiss the petition in part.

We have jurisdiction over petitions for review that raise colorable constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). Because the BIA affirmed without opinion, we review the IJ's decision. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir.2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review questions of law, including claims of due process violations in immigration proceedings, de novo. *Fernandez–Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir.2005); *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996).

**I. Pastor's attainment of lawful permanent resident status was procured by fraud, therefore he was never lawfully admitted.**

Pastor's prior drug-related conviction and subsequent illegal re-entry made him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and 8 U.S.C. § 1182(a)(9)(A)(i). Because Pastor was an inadmissible alien present in the United States, he was subject to deportation under 8 U.S.C. § 1227(a)(1)(A) as an inadmissible alien present in the United States. *See Biggs v. INS*, 55 F.3d 1398, 1401 (9th Cir.1995) ("An alien who was excludable at the time of entry is of course deportable."). The BIA and the Attorney General have consistently "determined that an alien who acquires permanent resident status through fraud or misrepresentation has not made a lawful entry upon which to base eligibility for relief." *In re Koloamatangi*, 23 I. & N. Dec. 548, 549 (BIA 2003) (citing *Matter of T—*, 6 I. & N. Dec. 136 (BIA, A.G.1954) and *Matter of Wong*, 14 I. & N. Dec. 12 (BIA 1972)).

 In this case, Pastor applied for lawful permanent resident status using the identity of Antonio Mariscal, knowing that he was inadmissible because of his prior

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

drug-related conviction. He made no effort to show that he actually performed agricultural work to qualify for the SAW program or that he did not deliberately omit his prior criminal history on his application. Therefore, he procured his status through fraud, was statutorily ineligible for admission under 8 U.S.C. § 1182(a)(6)(C)(i), and was never lawfully admitted into the United States. *Monet v. INS*, 791 F.2d 752 (9th Cir.1986); *Koloamatangi*, 23 I. & N. Dec. at 549.

Pastor relies heavily on *Perez–Enriquez v. Gonzales*, 463 F.3d 1007, 1015 (9th Cir. 2006) (en banc), where we held "that admissibility for an agricultural worker under the SAW program is determined as of the date of adjustment of status to lawful temporary resident under [8 U.S.C.] § 1160(a)(1). Admissibility is not redetermined as of the date of automatic adjustment of status to lawful permanent resident under § 1160(a)(2)." In *Perez–Enriquez*, however, the admissibility of the alien changed *after* he properly applied for and received temporary resident status. *Id.* at 1009. Because Pastor was inadmissible when he applied for legal status using Mariscal's identity, the timing of the inadmissibility inquiry does not matter, therefore *Perez–Enriquez* has no effect on Pastor's case and we deny his petition for review. *See id.* at 1010–11.

## II. Pastor is not eligible for cancellation of removal or other forms of relief.

■ An alien is eligible for cancellation of removal "if the alien—(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a) (2000). In this case,

Pastor procured his lawful permanent resident status through fraud by assuming a false identity, submitting a fraudulent application for adjustment under the SAW program, and omitting his prior criminal history. Even treating Pastor as a lawful permanent resident and placing the burden on the government to establish Pastor's deportability, he is ineligible for cancellation of removal because the IJ properly determined that Pastor is deemed never to have been "lawfully admitted for permanent residence." *Koloamatangi*, 23 I. & N. Dec. at 551; 8 U.S.C. § 1229b(a)(1). Pastor is not eligible for cancellation of removal for nonpermanent legal residents because under 8 U.S.C. §§ 1101(f)(3) and (8), he is barred from establishing good moral character.

Pastor failed to request other forms of relief before the IJ or on appeal to the BIA. We dismiss the portions of Pastor's petition raising unexhausted claims for relief because we lack jurisdiction to review them. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

**DENIED IN PART, DISMISSED IN PART.**