MEMORANDUM **
Petitioner, Baltazar Cardenas-Mendoza (“Cardenas-Mendoza”), seeks review of the decision by the Board of Immigration Appeals (“BIA”) that he is statutorily ineligible for relief from removal under former INA § 212(c), 8 U.S.C. § 1182(c), and INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). The BIA, adopting the decision of the Immigration Judge (“IJ”), held that Cardenas-Mendoza, who in 1988 pleaded guilty to misdemeanor possession of drug paraphernalia with intent to use, see Wash. Rev.Code § 69.50.102(a)(9); Wash. Rev. Code § 69.50.412, was not entitled to adjust to lawful permanent resident (“LPR”) status in August 1989 under the amnesty provisions of the Immigration Reform and Control Act, codified at INA § 245A, 8 U.S.C. § 1255a. We deny the petition for review.
First, the IJ and BIA had jurisdiction to review the 1989 legalization determination, pursuant to those provisions governing termination and rescission of status. See 8 C.F.R. § 245a.3(n) (1989); INA § 246(a), 8 U.S.C. § 1256(a). The IJ’s removal order was “sufficient to rescind [Cardenas-Mendoza’s] status,” INA § 246(a), notwithstanding the five-year statute of limitations. See Monet v. I.N.S., 791 F.2d 752, 754 (9th Cir.1986).
Second, Cardenas-Mendoza failed to exhaust his arguments that (1) the drug paraphernalia statute did not “relat[e] to a controlled substance” under the categorical approach set out in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); (2) the law was unclear at the time of his adjustment; and (3) Luu-Le v. I.N.S., 224 F.3d 911 (9th Cir.2000) should not have been retroactively applied to his case. We therefore lack jurisdiction to review these issues in the first instance. 8 U.S.C. § 1252(d)(1); Vargas v. U.S. Dept. of Immigration and Naturalization, 831 F.2d 906, 907-08 (9th Cir.1987).
*527 Finally, we agree with Cardenas-Mendoza that the BIA’s reliance on Matter of Koloamatangi, 23 I. & N. Dec. 548 (BIA 2003), was misplaced, as there is no basis in the record for finding that Cardenas-Mendoza obtained his permanent resident status through fraud or misrepresentation.[1] Because we uphold the BIA’s determination that Cardenas-Mendoza never lawfully adjusted status in 1989, however, the BIA’s erroneous reliance on fraud as an additional basis for denying relief was harmless.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Cardenas-Mendoza also argues that he is eligible for a fraud waiver. See INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). Because we conclude that there was no showing of fraud, such a waiver would be unnecessary.