# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

No. 12-60274
Summary Calendar

Lyle W. Cayce
Clerk

MELVIN GUARDADO GARCIA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A-043-993-837

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Melvin Guardado Garcia, a native and citizen of El Salvador, petitions for review of a final order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) final order of removal and denial of a waiver of admissibility under section 212(c) of the Immigration and Nationality Act (INA). The BIA agreed with the IJ's finding that Garcia fraudulently obtained lawful permanent resident (LPR) status through a material misrepresentation and, as such, was not eligible for a § 212(c) waiver.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia contends that the Texas offense of burglary of a habitation is a divisible statute that encompasses acts that do and do not qualify as acts of moral turpitude. He further contends that neither the IJ or the BIA conducted the proper analysis to determine whether he was convicted under a subsection of the Texas statute that constituted a crime involving moral turpitude. He thus asserts that the IJ's finding that he committed fraud by not disclosing a conviction for a crime of moral turpitude in his application for an immigrant visa was erroneous.

We review constitutional claims and questions of law de novo. *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006). We review factual determinations under the substantial evidence standard and the BIA's findings will not be reversed "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (internal quotations and citations omitted).

Relief under § 212(c) may not be granted to an alien who "has not been lawfully admitted for permanent residence." 8 C.F.R. § 1212.3(f)(1). The statutory phrase "lawfully admitted for permanent residence" does not apply to aliens who "obtained their permanent resident status by fraud, or had otherwise not been entitled to it." *In re Koloamatangi*, 23 I&N Dec. 548, 550 (BIA 2003). Contrary to Garcia's assertion, the act of fraud the IJ determined Garcia committed was his failure to disclose "his arrest and guilty plea" to the crime of burglary of a habitation. The BIA affirmed the IJ's finding that Garcia's "failure to disclose his conviction when he applied for an immigrant visa constitute[d] a willful misrepresentation of a material fact." As the IJ determined, Garcia's felony burglary conviction would have rendered him ineligible to obtain LPR status at the time he filed his visa application. *See* INA § 245A(b)(1)(C), codified at 8 U.S.C. § 1255a(b)(1)(C) (requiring an alien seeking to adjust his status to show that he has not been convicted of a felony). Thus, Garcia's argument, which focuses on whether his burglary conviction constitutes a crime involving

moral turpitude, is misplaced since it was not the only basis for finding Garcia removable and, as such, ineligible for a § 212(c) waiver.  Garcia does not contest the existence of his burglary conviction, nor the IJ's finding that he "knowingly, willfully, or fraudulently" failed to disclose it in his immigrant visa application in order to obtain LPR status.  Because Garcia misrepresented his criminal history and obtained his LPR status due to this misrepresentation, he was not "lawfully admitted for permanent residence."  *See Koloamatangi*, 23 I&N Dec. at 550.  As such, the BIA properly determined that Garcia was not statutorily eligible for a § 212(c) waiver.  *See* § 1212.3(f)(1).  Accordingly, his petition for review is DENIED.