[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10982
Non-Argument Calendar
_____

Agency No. A097-931-644


HYANG SOON CHO,

                                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 26, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Hyang Soon Cho, a native and citizen of South Korea, petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order granting the Department of Homeland Security's (DHS) motion to pretermit her application for a waiver under section 237(a)(1)(H) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(H).  In her petition, Cho argues that the BIA erred in determining that she was ineligible for the waiver because her husband and children are not qualifying relatives under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H) since they were not "lawfully admitted for permanent residence."

Cho was originally admitted to the United States in 2003 on a B-2 non-immigrant visa.  She hired an immigration attorney who substituted her name for another alien on an already approved application for an alien employment certification.  She then filed an I-140 visa petition and an I-485 application for adjustment of status.  Based on these documents, Cho's status was adjusted to lawful permanent resident (LPR) in 2005.  Five years later, she was convicted of visa fraud in federal court, and subsequently placed in removal proceedings.

At a master calendar hearing, Cho stipulated that her immigrant visa was procured by fraud but stated that the fraud was attributable only to her lawyer, not herself.  In any event, Cho does not dispute that she is removable based on the charge that she procured her visa through fraud.  She challenges whether she was

2

eligible for a waiver under INA § 237(a)(1)(H) based on her lack of a qualifying relative.  The BIA held that Cho is ineligible for a waiver of deportability under § 237(a)(1)(H) of the INA, because her putative qualifying relatives—her spouse and children—were not "lawfully admitted for permanent residence" as their status was derivative of her own permanent resident status, which was void from its inception because it was procured through fraud.  According to the BIA, derivative beneficiaries may not be lawfully admitted for permanent residence until the "principal alien" has been lawfully admitted.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's opinion.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA disagreed in part with the IJ's opinion and did not expressly adopt it, so we will review only the BIA's decision. We review the BIA's legal determinations *de novo*.  *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).  We defer to the BIA's reasonable interpretation of ambiguous terms contained in the INA pursuant to *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984).  *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1176 (11th Cir. 2012).

An unauthorized immigrant who procures a visa or admission into the United States through "fraud or willfully misrepresenting a material fact" is inadmissible.  INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i).  This ground for

3

inadmissibility may be waived for an immigrant who, among other requirements, "is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence."  INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H).

The INA defines the phrase "lawfully admitted for permanent residence" to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."  INA § 101(a)(20), 8 U.S.C. § 1101(a)(20).  Immigration regulations contain the same definition and add the sentence: "Such status terminates upon entry of a final administrative order of exclusion, deportation, or removal."  8 C.F.R. § 1.2.

The BIA has interpreted this phrase to mean that an immigrant who acquired permanent resident status through fraud or misrepresentation has never been "lawfully admitted for permanent residence."  *In re Koloamantangi*, 23 I. & N. Dec. 548, 549–50 (BIA 2003).  The BIA has therefore held "that the correct interpretation of the term 'lawfully admitted for permanent residence' is that an alien is deemed, *ab initio*, never to have obtained lawful permanent resident status once his original ineligibility therefor[e] is determined in proceedings."  *Id.* at 551.  We have deferred to the BIA's interpretation of that term.  *Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1313–17 (11th Cir. 2006) (holding that an immigrant whose

4

status was readjusted to permanent resident due to a mistake by the former Immigration and Naturalization Service ("INS") had not been "lawfully admitted for permanent residence" and was thus properly deemed inadmissible).  Therefore, we held that an immigrant's permanent resident status was void from inception because he was never "lawfully admitted for permanent residence." *Id*.

We have not previously considered whether the rationale from *Koloamantangi* and *Savoury* applies to invalidate the immigration status of family members, but the Ninth Circuit has held that it does.  *See Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1216–18 (9th Cir. 2010).  In that case, two siblings obtained their LPR status derivatively from their mother, who received her LPR status through a criminal scheme run by a former INS officer.  *Id*. at 1214–15.  Under these circumstances, the validity of the siblings' visas turned on "whether [the mother's] admission for permanent residence was 'lawful' in nature." *Id*. at 1216.  The Ninth Circuit determined that the mother was never "lawfully admitted" and her children, therefore, "cannot validate their visas on the basis that she was an LPR until ordered removed." *Id.* at 1217–18.  In discussing derivative beneficiaries, the BIA has written "that the right of a derivative beneficiary to permanent resident status is wholly dependent upon that of the principal alien and may not be exercised unless and until the principal alien becomes a permanent resident." *Matter of Naulu*, 19 I. & N. Dec. 351, 353 (BIA 1986).

5

We find that the BIA correctly determined that Cho was ineligible for a waiver under INA § 237(a)(1)(H) because her husband and children were not "lawfully admitted for permanent residence."  Their status as lawful permanent residents was derivative of Cho's own status, which was void from its inception because it was procured through fraud.  *See Koloamantangi*, 23 I. & N. Dec. at 549–51*; Savoury*, 449 F.3d at 1313–17.  Accordingly, the BIA correctly dismissed Cho's appeal, and we deny her petition.

**PETITION DENIED.**