**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAVINDER KUMAR,

               Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 11-72077

Agency No. A075-684-866

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred February 3, 2015
Submitted April 23, 2015[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Petitioner Ravinder Kumar, a native and citizen of India, entered the United

States on a fraudulent K-1 fiancé visa and sought asylum. He now seeks review of

the Board of Immigration Appeals' ("BIA") decisions barring him from adjusting

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his status and dismissing his appeal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

First, Kumar contends that he may adjust his status based on a relative petition filed by his U.S. citizen father, notwithstanding § 245(d) of the Immigration and Nationality Act ("INA"), which bars a K-1 visaholder from adjusting his status on any basis other than marriage to the U.S. citizen who petitioned on his behalf. 8 U.S.C. § 1255(d); *see also* 8 C.F.R. § 245.1(c)(6) (barring a non-citizen who is "admitted" on a K-1 fiancé(e) visa from adjusting his status unless he marries the sponsoring fiancé(e)). A K-1 visaholder is defined as someone who enters the U.S. to marry a sponsoring U.S. citizen within ninety days after "admission." INA § 101(a)(15)(K), 8 U.S.C. § 1101(a)(15)(K). Kumar argues that he is not a K-1 visaholder because he was never "admitted" as a K-1 visaholder. He was not admitted as a K-1 visaholder, he contends, because he was procedurally admitted—he was inspected and authorized by an immigration officer to enter—but he was never substantively admitted because he was not lawfully privileged to enter, owing to his fraudulent K-1 visa.

Kumar's ability to adjust his status, then, turns on whether the terms "admission" in INA § 101(a)(15)(K) and "admitted" in 8 C.F.R. § 245.1(c)(6) denote procedurally regular admission or substantively lawful admission. This is a question of law that we review de novo. *Shivaraman v. Ashcroft*, 360 F.3d 1142, 1145 (9th Cir. 2004).

We conclude that Kumar was admitted on a K-1 visa because INA § 101(a)(15)(K) and 8 C.F.R. § 245.1(c)(6) refer to procedurally regular admission. This conclusion follows directly from our decision in *Hing Sum v. Holder*, 602 F.3d 1092 (9th Cir. 2010). In that case, we interpreted the general statutory definition of "admitted" and "admission" in the INA to refer to procedurally regular admission, not substantively lawful admission. *Id*. at 1096. There is no reason to think that this general definition, set forth in INA § 101(a)(13)(A), 8 U.S.C. § 1101(a)(13)(A), does not control the meaning of "admission" in § 101(a)(15)(K) and "admitted" in § 245.1(c)(6). Those terms are not modified by the term "lawful," which has been read to denote substantively lawful admission. *See, e.g.*, *Monet v. INS*, 791 F.2d 752, 753-54 (9th Cir. 1986); *In re Koloamatangi*, 23 I&N Dec. 548, 551 (BIA 2003). In addition, adopting the procedural reading advances the purpose of the adjustment bar, which is to reduce fraud in fiancé(e)

visas. The procedural reading also accords with traditional notions of equitable estoppel. *See Hing Sum*, 602 F.3d at 1101 (Graber, J., concurring).

Because Kumar was admitted on a K-1 visa, he is barred from adjusting his status based on his father's petition. "Having enjoyed the benefits of" being a K-1 visaholder, Kumar "cannot now shed his skin for the purposes of seeking beneficial relief." *Id*. at 1093 (majority opinion).

Second, Kumar contends that the agency erred in denying his applications for asylum, withholding of removal, and CAT protection on the basis of the IJ's adverse credibility finding. We review these decisions for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). Because this is a pre-REAL ID case, we must uphold the agency's adverse credibility determination if it "is supported by substantial evidence and goes to the heart of [Kumar's] claim of persecution." *Rizk v. Holder*, 629 F.3d 1083, 1087 & n.2 (9th Cir. 2011).

We uphold the agency's adverse credibility finding because it rests on a "specific, cogent reason" that goes to the heart of Kumar's claim. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (quoting *de Leon-Barrios v. INS*, 116 F.3d 391, 393 (9th Cir. 1997)). Kumar gave inconsistent answers in his asylum application and hearing testimony about the dates and duration of two of his three detentions. A reasonable fact finder could conclude that these discrepancies are relevant and

significant.  *Id*.  They are relevant because they concern the extent to which Kumar may have been abused by officials.  And "[t]hese discrepancies are significant because they concern [two] of the few interactions between [Kumar] and the Punjabi police."  *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005).  The nine-month discrepancy concerning the date of Kumar's third detention is particularly glaring.  Contrary to Kumar's contention, the IJ and BIA meaningfully considered, and rejected, his explanation for the inconsistent statements—that he simply forgot due to the passage of time.  Therefore, we conclude that substantial evidence supports the agency's adverse credibility finding, which in turn supports the denial of Kumar's applications for asylum and withholding of removal.

Kumar argues that, even if we uphold the agency's adverse credibility finding, we cannot sustain the agency's denial of his CAT claim.  He contends that the IJ relied on the adverse credibility finding with respect to his asylum application to deny Kumar CAT protection, which we advised against in *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001), and *Taha v. Ashcroft*, 389 F.3d 800, 802 (9th Cir. 2004) (per curiam).  It is true that the IJ and BIA relied on the asylum-related adverse credibility to deny Kumar CAT protection.  But this was not error because, unlike in *Kamalthas* and *Taha*, the IJ and BIA did not rely *only* on the adverse credibility finding.  *See Kamalthas*, 251 F.3d at 1283; *Taha*,

389 F.3d at 802. They also considered the documentary evidence Kumar presented, which they correctly found fell short of the CAT standard. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION DENIED.**