

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD TALLEDO,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   13-72981<br><br>Agency No. A047-672-841<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2018[**]
Honolulu, Hawaii

Before:  TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Ronald Talledo petitions for review of an order of the Board of Immigration

Appeals (BIA) dismissing his appeal from a final order of removal. We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Persons found inadmissible due to willful misrepresentation or fraud may apply for a waiver of that inadmissibility ground if they are the spouse, son, or daughter of a lawful permanent resident (LPR) and establish that removal would result in extreme hardship to the LPR. 8 U.S.C. § 1182(i). Substantial evidence supports the BIA's decision that Talledo's parents abandoned their legal LPR status. An LPR does not retain her status after leaving the United States unless she "return[s] to an unrelinquished lawful permanent residence after a temporary visit abroad." *Khoshfahm v. Holder*, 655 F.3d 1147, 1151 (9th Cir. 2011) (quotation marks and citations omitted). "A trip is a 'temporary visit abroad' if (a) it is for a 'relatively short' period, fixed by some early event; or (b) the trip will terminate upon the occurrence of an event that has a reasonable possibility of occurring within a relatively short period of time." *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997) (citation omitted). The LPR must also maintain an "intent to return to the United States within a relatively short period." *Id.* Talledo's parents were both permanent residents in the past. But they had been absent from the United States for ten years at the time of Talledo's removal hearing and there is no evidence that they maintained an intent to return throughout that time.

The BIA did not abuse its discretion in denying Talledo's motion to remand. The BIA will not grant a motion to remand unless "the evidence reveals a

reasonable likelihood that the statutory requirements for relief have been satisfied." *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (quoting *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003)). Talledo met his burden of showing that he likely had a qualifying relative. Photocopies of Talledo's parents' passports show that they have now obtained a "IR-5" or immediate relative visas, and reentered the country. *See* U.S. Dep't of State, *Family-Based Immigrant Visas*, available at https://travel.state.gov/content/travel/en/us-visas/immigrate/family-immigration/family-based-immigrant-visas.html; *see also* U.S. Dep't of State, *What the Visa Expiration Date Means*, available at https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/visa-expiration-date.html; *Kater v. Churchill Downs Inc.,* 886 F.3d 784, 788 n.3 (9th Cir. 2018) ("We grant Kater's motion to take judicial notice of the slideshow, meeting minutes, and pamphlet because they are publicly available on the Washington government website, and neither party disputes the authenticity of the website nor the accuracy of the information."). Talledo, however, submitted no information showing how his parents will experience hardship now that they have reentered the United States. He thus has not established a likelihood of establishing that statutory requirement.

Finally, Talledo is not eligible for an INA § 237(a)(1)(H) waiver. 8 U.S.C. § 1227(a)(1)(H). Only persons "in and admitted" to the country are eligible for the waiver. *Id.* § 1227(a). The customs official that discovered Talledo's fraud refused to admit him into the country. *See* 8 U.S.C. § 1101(a)(13)(A). Talledo cannot take advantage of the more permissive definition of "admitted" in 8 U.S.C. § 1101(a)(13)(C) because he was not *lawfully* admitted for permanent residence. *Hing Sum v. Holder*, 602 F.3d 1092, 1101 (9th Cir. 2010); *In re Koloamatangi*, 23 I. & N. Dec. 548, 549 (BIA 2003).

**PETITION DENIED.**