ELIZABETH GLUTTING v. THE METROPOLITAN LIFE IN-
SURANCE COMPANY.

Where a policy of life insurance declares that the representations made in the application touching the subject of insurance are warranted to be true, and that the policy shall be void if they are untrue, the falsity of those representations will defeat the insurance.

On contract. On rule to show cause why a verdict for the plaintiff should not be set aside.

Argued at November Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Robert Adrain.*

For the defendant, *Joseph A. Beecher.*

The opinion of the court was delivered by

DIXON, J. This was an action upon a policy of life insurance, providing for the payment of $500 on the death of Jacob Glutting.

The policy declared that the company became bound, in consideration of the representations and agreement in the application for the policy, that the application was a part of the contract, and that if the representations in the application were not true the policy should be void.

In the application Jacob Glutting, the applicant, declared and warranted that the representations and answers made therein were strictly and wholly true, that they should form the basis and become part of the contract of insurance (if one were issued), and that any untrue answers should render the policy null and void.

The application was made and bears date December 14th, 1883, and contains the applicant's answers to questions to the effect that he had never been sick of any disease, had not been attended by any physician, and had not then and never had had consumption, disease of the lungs or spitting of blood. The policy was issued and dated December 24th, 1883.

The legal effect of the foregoing stipulations was to render the statements in the application, with regard to the subject of insurance, warranties, and to annul the contract of insurance if any of those statements was shown to be untrue. *American Life Insurance Co.* v. *Day*, 10 *Vroom* 89 ; *Carson* v. *Jersey City Insurance Co.*, 14 *Vroom* 300 ; *Metropolitan Life Insurance Co.* v. *McTague*, 20 *Vroom* 587.

On the trial of the cause Dr. Williamson testified that he was a physician, that he had attended Jacob Glutting professionally in the years 1880 and 1881, during a period of several weeks, and had then prescribed for him, and that Glutting was at that time ill with pleurisy, which lasted quite a good while.    Dr. Donohue also testified that he was a physician, that he had attended Glutting professionally, beginning April 3d, 1882, and ending August 9th, 1883, and had on several occasions during that interval prescribed various medicines for him ; that Glutting was at first ill with pleurisy, accompanied by a serous effusion in the right chest, and that later he told the witness that he was raising blood, and the witness prescribed for him a remedy to check bleeding from the lungs.

It further appeared upon the trial that the plaintiff, the widow of Jacob Glutting, had procured from Dr. Donohue a certificate that Jacob Glutting died of phthisis pulmonalis on February 27th, 1886, and had served this upon the company as part of the proofs of death, in accordance with the terms of the policy. There was no testimony tending to contradict the facts indicated by the foregoing evidence.

This condition of the proofs leaves no rational doubt of the falsity of the statements made in the application and warranted to be true. Hence the jury should have been directed to render a verdict for the defendant.

The verdict for the plaintiff must be set aside.