NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1840
_____

KWADWO OKYERE,
AKA Richard Frimpong, AKA Akwasi Appiah,
                                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                        Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A206-552-872)
Immigration Judge: Honorable Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2018

Before:  GREENAWAY, JR., BIBAS, and FUENTES, *Circuit Judges*

(Opinion filed: December 20, 2018)


_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Petitioner Kwadwo Okyere seeks review of an order of the Board of Immigration Appeals denying his appeal of the Immigration Judge's order removing him from the United States to Ghana. Before this Court, Okyere asserts that the Immigration Judge violated his right to due process. Because this claim lacks merit, we will deny Okyere's petition for review.

## I.

Okyere is a native and citizen of Ghana who entered the United States on an unknown date without inspection. In May 2017, the Department of Homeland Security commenced removal proceedings against Okyere. It issued a Notice to Appear, charging Okyere with three grounds of removability: (1) conviction of a crime involving moral turpitude;[1] (2) being present in the United States without having been admitted or paroled;[2] and (3) not having a valid entry document at the time of his application for admission.[3]

During a July 2017 hearing before the Immigration Judge,[4] Okyere testified that he arrived in the United States in 2014 by flying into John F. Kennedy International

---

[1] 8 U.S.C. § 1182(a)(2)(A)(i)(I).
[2] *Id.* § 1182(a)(6)(A)(i).
[3] *Id.* § 1182(a)(7)(A)(i)(I).
[4] Three different Immigration Judges were involved at different stages of this case. For the sake of brevity and clarity, we will not identify them by name, but rather refer to each as "the Immigration Judge."

Airport and using another individual's passport. He also testified that he was engaged to a United States citizen.

Following numerous continuance requests by Okyere's counsel, a hearing was held in August 2017. At that hearing, counsel for Okyere stated that Okyere had a fiancé who is a United States citizen and he would soon be getting a marriage license. According to counsel, after the marriage, Okyere's spouse would file a Petition for Alien Relative (Form I–130), and Okyere would file an application for adjustment of status (Form I–485) and an application for waiver of grounds of inadmissibility (Form I–601), seeking to waive unlawful presence as a ground of inadmissibility.

Okyere got married on October 17, 2017, and his wife subsequently filed a Petition for Alien Relative. Thereafter, Okyere requested a continuance while the United States Citizenship and Immigration Services adjudicated the petition. According to Okyere, that petition would enable him to seek adjustment of status with a concurrent waiver of inadmissibility.[5] The Immigration Judge denied Okyere's request. In a written ruling, the Immigration Judge concluded that the petition was immaterial because Okyere was not lawfully admitted into the United States and was therefore ineligible for an adjustment of status.

The Immigration Judge noted that Okyere now claimed in his brief that he was " 'admitted' at the Canadian/U.S. border in August 2013 after presenting himself for inspection with a passport issued in the name of Akwasi Appiah" (though Okyere later

---

[5] *See* 8 U.S.C. §§ 1182(h), 1255.

claimed this occurred in 2014).[6] Assuming that was true, said the Immigration Judge,

Okyere's admission was fraudulent and therefore not lawful.[7]

The Immigration Judge then addressed Okyere's "tangled web" regarding "his

presence in the United States."[8] He noted that the Record of Deportable/Inadmissible

Alien (Form I–213) indicated that during an interview by a deportation officer from U.S.

Immigration and Customs Enforcement, Okyere stated that he was admitted at LaGuardia

Airport on December 30, 2015. The officer, however, indicated that there was no record

of that admission and on that same date, someone using a passport under the name

Akwasi Appiah was admitted at the Champlain port of entry in Champlain, New York.[9]

The Immigration Judge further noted that the only entry which verified Okyere's U.S.

immigration history was an admission on May 4, 2002 in Buffalo, New York on a

Ghanaian passport.

Almost two weeks later, the Immigration Judge determined that Okyere was

removable as charged. The Immigration Judge issued an oral decision adopting portions

of the prior Immigration Judge's ruling and reiterating that Okyere did not meet his

burden of showing the time, place, and manner of his lawful entry into the United

States.[10] The Immigration Judge concluded that Okyere was ineligible for adjustment of

---

[6] A.R. 159.
[7] *See In re Koloamatangi*, 23 I. & N. Dec. 548, 551 (BIA 2003).
[8] A.R. 160.
[9] The Immigration Judge stated that according to the Record, in 2006, an individual named Akwasi Appiah had reported his passport stolen in New York City.
[10] *See* 8 U.S.C. § 1361 (providing that the burden of proof to show time, place, and manner of entry into the United States shifts to the alien once alienage is established). An

status because he entered the United States unlawfully. Accordingly, the Immigration Judge ordered that Okyere be removed from the United States to Ghana.

Okyere appealed the Immigration Judge's decision to the Board.[11] He argued that he was "denied [a] meaningful opportunity to be heard" because he was never "called to provide testimony in court" regarding the time, place and manner of his entry into the United States.[12]

The Board dismissed the appeal, affirming the Immigration Judge's decision to sustain the charges of removability and order Okyere removed. The Board rejected Okyere's claim that the Immigration Judge violated his rights by not providing him an opportunity to fully present his claim that he entered the United States by land in 2014. It noted that the Immigration Judge expressed a willingness to consider corroborating evidence of his second claimed manner of entry through John F. Kennedy Airport. "However," said the Board, "the Immigration Judge was under no obligation to reopen and return to the issue of removability each and every time [Okyere] advanced a new and wholly uncorroborated theory of entry into this country."[13] The Board further noted that Okyere had not established that he had been prejudiced by the Immigration Judge's decision not to conduct a full hearing to entertain his third claimed manner of entry.

Thereafter, Okyere petitioned for review.

_____

individual who fails to meet this burden is presumed to be in the United States in violation of the law. *Id.*

[11] Before filing his appeal, Okyere had filed a motion to reopen and reconsider. The Immigration Judge denied the motion. Okyere did not file an appeal of that decision.

[12] A.R. 11.

[13] A.R. 4.

## II.

We have jurisdiction to review the Board's decision under 8 U.S.C. § 1252(a). Because the Board issued its own decision, we review that decision rather than that of the Immigration Judge.[14] However, we also look to the decision of the Immigration Judge to the extent that the Board defers to, or adopts, the Immigration Judge's reasoning.[15]

We exercise plenary review over due process claims.[16]

## III.

Okyere reiterates the argument that he presented before the Board. He maintains that he was denied due process because the Immigration Judge ordered his removal without giving him an opportunity to present evidence regarding the time, place, and manner of his entry into the United States. This claim is meritless.

As an alien facing removal, Okyere is entitled to due process.[17] "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[18] In the context of an immigration hearing, due process requires that aliens threatened with removal are provided a full and fair hearing with a reasonable opportunity to be heard and to present evidence on their behalf.[19] To prevail on a due process claim, an alien must show "substantial prejudice."[20]

---

[14] *Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir. 2005).
[15] *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006).
[16] *Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006).
[17] *Chong v. Dist. Dir., INS*, 264 F.3d 378, 386 (3d Cir. 2001).
[18] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation marks omitted).
[19] *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003).
[20] *Singh*, 432 F.3d at 541.

Here, Okyere had multiple opportunities to present evidence concerning his entry into the United States and to reconcile his conflicting accounts of his entry. This does not amount to a due process violation. We will therefore deny Okyere's petition.